NUMBER 13-01-344-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THAD RODGERS, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 411th District Court of Polk County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Benavides


 Appellant, Thad Rodgers, was convicted of delivery of a controlled substance on
September 12, 2000. He was ultimately sentenced on June 19, 2003 to sixty years'
imprisonment. (1) Tex. Health & Safety Code Tex. Health & Safety ANN. § 481.112(d) (Vernon
2005). Rodgers claims ineffective assistance of counsel, asserting that his trial counsel
failed to present any evidence, testimony or objections during the trial. For the reasons
stated herein, we affirm the trial court's judgment. 

I. FACTUAL AND PROCEDURAL BACKGROUND

 On December 30, 1999, Rodgers was indicted for felony delivery of cocaine, based
on an August 5, 1999 offense, which was enhanced by a prior conviction for aggravated
sexual assault of a child on April 26, 1988. See TEX. PENAL CODE ANN. § 49.09(b) (Vernon
Supp. 2007). Rodgers pled not guilty, and trial commenced on September 11, 2000. After
the jury was sworn in, the court recessed until the following day, September 12, 2000. 
Rodgers failed to appear on the day of trial, and the Court proceeded without him. 

 Officers Phillip Cash and Hardy Nevill, agents with the Central East Texas Narcotics
Task Force, testified at trial. The purpose of the task force is not only to obtain evidence
of persons dealing drugs, but also of persons supplying drugs. While undercover, they
developed a relationship to purchase drugs from Michael Shane Moore, a mid-level dealer. 
On August 4, 1999, Officer Nevill set up a meeting with Moore to purchase narcotics at
Vern's Bar in Onalaska, Polk County. Officer Nevill fronted the money to Moore who then
left the bar. Officer Cash then followed Moore to a residential home which was later
identified as Rodgers's residence. Officer Cash saw Moore go in to the home and come
out with a brown satchel. Moore then returned to Vern's Bar with the narcotics in the brown
satchel. Identification cards belonging to Rodgers were also found in the satchel. Officer
Nevill then told Moore that he wanted to sell narcotics to people he worked with so he
needed a better price in order to make a profit. He asked Moore to set up a meeting with
his supplier, which they did for the following day. 

 On August 5, 1999, Officers Nevill and Cash were again at Vern's Bar when Moore
joined them. Officer Nevill told him that he wanted more cocaine but at a better price. 
Moore told him that his supplier was on the way. Thereafter, Rodgers arrived with his step-father, Richard Sanders, and two other unidentified males. Richard Sanders and the other
two other men posted themselves at the bar. Rodgers joined Officer Nevill and Moore at
the table. Officer Nevill then purchased cocaine from Rodgers. Officer Nevill took custody
of the narcotics, which laboratory testing confirmed was 6.2 grams of cocaine. 

 The jury found Rodgers guilty and sentenced him to 60 years imprisonment in the
Texas Department of Criminal Justice. After his conviction, the trial court twice appointed
appellate counsel. The first counsel was Steve Taylor, who filed an Anders brief with this
Court on October 9, 2001. (2) Second appellate counsel, Tom Brown was appointed and
filed an Anders brief on January 14, 2003 and a supplemental Anders brief on November
21, 2003. Rodgers is now represented by third appellate counsel, Scott Pagway, who
argues ineffective assistance of trial counsel. 

II. ANALYSIS

 To prevail on a claim of ineffective assistance of counsel, Rodgers must prove by a
preponderance of the evidence that: (1) counsel's performance fell below the standard of
prevailing professional norms; and (2) there is a reasonable probability that, but for
counsel's deficiency, the result of the trial would have been different. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). A reasonable probability is one sufficient to undermine confidence in the
outcome of the proceeding. Thompson, 9 S.W.3d at 812. Allegations of ineffective
assistance of counsel must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Id. at 813.

 Moreover, the court's review of the defense counsel's representation is highly
deferential and presumes that counsel's action fell within the wide range of reasonable and 
professional assistance. Ex Parte Chandler, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005);
Boone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable assistance. 
Ex Parte White, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004)

 Rodgers argues that while he voluntarily failed to appear for trial, trial counsel can
not do the same. Rodgers asserts that his counsel's failure to call witnesses or object
during the trial fell below the prevailing professional norms, and if witnesses were called it
would have changed the outcome of the case. In order to obtain relief on an ineffective
assistance of counsel claim based upon on an uncalled witness, "the appellant must show
that the witness had been available to testify and that his testimony would have been of
some benefit to the defense." Ex Parte Ramirez, No. WL-25,057-06, 2007 Tex. Crim. App. 
LEXIS 1750, at *11 (Tex. Crim. App. Dec. 12, 2007); Ex Parte White, 160 S.W.3d 46, 52
(Tex. Crim. App. 2004); King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). The
record does not show who Rodgers would have called and what testimony they would have
provided that would have helped his case. 

 The same is true for any objections that could have been made and were not made. 
Again, to show ineffective assistance of counsel for the failure to object during trial, the
applicant must show that the trial judge would have committed error in overruling the
objection. Ex Parte White, 160 S.W.3d at 53; Vaughn v. State, 931 S.W.2d 564, 566 (Tex.
Crim. App. 1996). Rodgers has not demonstrated that objectionable material remains in
the record due to his attorney's lack of objection. The only incident that Rodgers points to
is the lack of objection to the authentication of cocaine allegedly delivered by him. 
However, a review of the record shows that the proper predicate was laid for the
authentication of the cocaine, and as such, if an objection had been made, there is nothing
to show it would have been error to overrule it. Furthermore, an isolated failure to object
to certain procedural mistakes or improper evidence does not constitute ineffective
assistance of counsel. Cude v. State, 588 S.W.2d 895, 897 (Tex. Crim. App. 1979).

 Rodgers further argues that his counsel's failure to make a closing argument and to
present evidence during the punishment stage constitutes ineffective assistance of counsel. 
Counsel's services are to be judged by the totality of the representation and challenges will
be sustained only if firmly founded. Id. at 897. The determination of ineffective assistance
of counsel must turn on the individual case and it does not mean errorless counsel nor is
the adequacy and competency to be judged in hindsight. Ex Parte Prior, 540 S.W.2d 723,
726 (Tex. Crim. App. 1976). An attorney must appraise a case and do the best he can
with the facts, and the fact that another counsel might have tried the case differently does
not show inadequate representation. Id. at 727. Rodgers fails to show that his counsel's
actions were ineffective rather than mere trial strategy. See Mallett v. State, 65 S.W.3d 59,
63 (Tex. Crim. App. 2001) (stating there is a strong presumption that counsel acted
reasonably when the record is silent regarding the motivation of counsel tactical or strategic
decisions); see also Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)
(holding that a record which does not contain counsel's explanation for his conduct is
insufficient to overcome the presumption of reasonableness). The defendant must
overcome the presumption that the challenged action "might be considered sound trial
strategy." Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 100-101
(1955)). If there is any basis for concluding that counsel's conduct was strategic, then
further inquiry is improper. Bell v. State, 867 S.W.2d 958, 961 (Tex. App.-Waco 1994, no
pet.). 

 Upon review of the totality of the representation, we find Rodgers failed to
demonstrate that his counsel's actions or lack of action amounted to ineffective assistance
of counsel; thus, he failed to satisfy the Strickland test. 

III. CONCLUSION

 Thompson's claim of ineffective assistance of counsel is without merit. The judgment
of the trial court is AFFIRMED.

 Furthermore, all pending motions are hereby dismissed as moot.



 ____________________________

 GINA M. BENAVIDES

 Justice

Do not publish.

See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 1st day of May, 2008.
1. The time delay of sentencing is not relevant to the present issue before this Court and accordingly will not
be addressed in this opinion. 
2. Anders v. California, 86 U.S. 738, 744 (1967).