

**NUMBER 13-01-344-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**THAD RODGERS,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

**On appeal from the 411th District Court of Polk County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Justice Benavides**

    Appellant, Thad Rodgers, was convicted of delivery of a controlled substance on September 12, 2000. He was ultimately sentenced on June 19, 2003 to sixty years' imprisonment.[1] Tex. Health & Safety Code Tex. Health & Safety ANN. § 481.112(d) (Vernon

---

[1]The time delay of sentencing is not relevant to the present issue before this Court and accordingly will not be addressed in this opinion.

2005).  Rodgers claims ineffective assistance of counsel, asserting that his trial counsel failed to present any evidence, testimony or objections during the trial.  For the reasons stated herein, we affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 1999, Rodgers was indicted for felony delivery of cocaine, based on an August 5, 1999 offense, which was enhanced by a prior conviction for aggravated sexual assault of a child on April 26, 1988.  *See* TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp. 2007).  Rodgers pled not guilty, and trial commenced on September 11, 2000.  After the jury was sworn in, the court recessed until the following day, September 12, 2000.  Rodgers failed to appear on the day of trial, and the Court proceeded without him.

Officers Phillip Cash and Hardy Nevill, agents with the Central East Texas Narcotics Task Force, testified at trial.  The purpose of the task force is not only to obtain evidence of persons dealing drugs, but also of persons supplying drugs.  While undercover, they developed a relationship to purchase drugs from Michael Shane Moore, a mid-level dealer.  On August 4, 1999, Officer Nevill set up a meeting with Moore to purchase narcotics at Vern's Bar in Onalaska, Polk County.  Officer Nevill fronted the money to Moore who then left the bar.  Officer Cash then followed Moore to a residential home which was later identified as Rodgers's residence.  Officer Cash saw Moore go in to the home and come out with a brown satchel.  Moore then returned to Vern's Bar with the narcotics in the brown satchel.  Identification cards belonging to Rodgers were also found in the satchel.  Officer Nevill then told Moore that he wanted to sell narcotics to people he worked with so he needed a better price in order to make a profit.  He asked Moore to set up a meeting with his supplier, which they did for the following day.

2

On August 5, 1999, Officers Nevill and Cash were again at Vern's Bar when Moore joined them. Officer Nevill told him that he wanted more cocaine but at a better price. Moore told him that his supplier was on the way. Thereafter, Rodgers arrived with his step-father, Richard Sanders, and two other unidentified males. Richard Sanders and the other two other men posted themselves at the bar. Rodgers joined Officer Nevill and Moore at the table. Officer Nevill then purchased cocaine from Rodgers. Officer Nevill took custody of the narcotics, which laboratory testing confirmed was 6.2 grams of cocaine.

The jury found Rodgers guilty and sentenced him to 60 years imprisonment in the Texas Department of Criminal Justice. After his conviction, the trial court twice appointed appellate counsel. The first counsel was Steve Taylor, who filed an *Anders* brief with this Court on October 9, 2001.[2] Second appellate counsel, Tom Brown was appointed and filed an *Anders* brief on January 14, 2003 and a supplemental *Anders* brief on November 21, 2003. Rodgers is now represented by third appellate counsel, Scott Pagway, who argues ineffective assistance of trial counsel.

## II. ANALYSIS

To prevail on a claim of ineffective assistance of counsel, Rodgers must prove by a preponderance of the evidence that: (1) counsel's performance fell below the standard of prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. Allegations of ineffective

---

[2] *Anders v. California*, 86 U.S. 738, 744 (1967).

assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 813.

Moreover, the court's review of the defense counsel's representation is highly deferential and presumes that counsel's action fell within the wide range of reasonable and professional assistance. *Ex Parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); *Boone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Ex Parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004)

Rodgers argues that while he voluntarily failed to appear for trial, trial counsel can not do the same. Rodgers asserts that his counsel's failure to call witnesses or object during the trial fell below the prevailing professional norms, and if witnesses were called it would have changed the outcome of the case. In order to obtain relief on an ineffective assistance of counsel claim based upon on an uncalled witness, "the appellant must show that the witness had been available to testify and that his testimony would have been of some benefit to the defense." *Ex Parte Ramirez*, No. WL-25,057-06, 2007 Tex. Crim. App. LEXIS 1750, at *11 (Tex. Crim. App. Dec. 12, 2007); *Ex Parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). The record does not show who Rodgers would have called and what testimony they would have provided that would have helped his case.

The same is true for any objections that could have been made and were not made. Again, to show ineffective assistance of counsel for the failure to object during trial, the applicant must show that the trial judge would have committed error in overruling the

objection. *Ex Parte White*, 160 S.W.3d at 53; *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). Rodgers has not demonstrated that objectionable material remains in the record due to his attorney's lack of objection. The only incident that Rodgers points to is the lack of objection to the authentication of cocaine allegedly delivered by him. However, a review of the record shows that the proper predicate was laid for the authentication of the cocaine, and as such, if an objection had been made, there is nothing to show it would have been error to overrule it. Furthermore, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Cude v. State*, 588 S.W.2d 895, 897 (Tex. Crim. App. 1979).

Rodgers further argues that his counsel's failure to make a closing argument and to present evidence during the punishment stage constitutes ineffective assistance of counsel. Counsel's services are to be judged by the totality of the representation and challenges will be sustained only if firmly founded. *Id.* at 897. The determination of ineffective assistance of counsel must turn on the individual case and it does not mean errorless counsel nor is the adequacy and competency to be judged in hindsight. *Ex Parte Prior*, 540 S.W.2d 723, 726 (Tex. Crim. App. 1976). An attorney must appraise a case and do the best he can with the facts, and the fact that another counsel might have tried the case differently does not show inadequate representation. *Id*. at 727. Rodgers fails to show that his counsel's actions were ineffective rather than mere trial strategy. See *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (stating there is a strong presumption that counsel acted reasonably when the record is silent regarding the motivation of counsel tactical or strategic decisions); see also *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)

(holding that a record which does not contain counsel's explanation for his conduct is insufficient to overcome the presumption of reasonableness). The defendant must overcome the presumption that the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 100-101 (1955)). If there is any basis for concluding that counsel's conduct was strategic, then further inquiry is improper. *Bell v. State*, 867 S.W.2d 958, 961 (Tex. App.–Waco 1994, no pet.).

Upon review of the totality of the representation, we find Rodgers failed to demonstrate that his counsel's actions or lack of action amounted to ineffective assistance of counsel; thus, he failed to satisfy the *Strickland* test.

## III. Conclusion

Thompson's claim of ineffective assistance of counsel is without merit. The judgment of the trial court is AFFIRMED.

Furthermore, all pending motions are hereby dismissed as moot.

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 1st day of May, 2008.

6