Jerry Lynn KING, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 67880, 67881.

Court of Criminal Appeals of Texas, En Banc.

April 6, 1983.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Martin LeNoir and Donald M. Land, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated rape. V.T.C.A. Penal Code, Sec. 21.03(a)(2). After finding appellant guilty, the jury assessed punishment at twenty-five years. Appellant and the State stipulated that the evidence heard at trial would be considered by the court in appellant's probation revocation hearing. (The trial and the probation revocation hearing were held simultaneously.) Appellant also appeals the court's order revoking his probation and sentencing him to five years upon his original conviction for burglary of a habitation.

Appellant was convicted of having sexual intercourse with J—— C——, a female not his wife, without her consent. The appellant compelled the complainant to submit to the intercourse, "by threatening serious bodily injury to be imminently inflicted on the complainant."

In his first ground of error, appellant contends that the evidence was insufficient to prove the aggravating circumstances.

The complainant testified that she woke up at 6:30 a.m. on September 1, 1979, to find the appellant leaning over the side of her bed. Appellant put his hand over the complainant's mouth and a knife just under her throat. "If you'll cooperate," he said, "I won't hurt you or your baby." The complainant's two-and-one-half-year-old son was next to her, asleep in the bed.

The appellant's knife had a blade about three inches long. The complainant testified that at one point the knife touched against her throat. Appellant was displaying the knife right up to the moment of intercourse, and he had the knife out all during the time he was in the complainant's house. After having intercourse with the complainant, appellant made her perform oral sex on him, and then appellant had intercourse with the complainant once more.

We find the evidence sufficient to support the finding that the rape was committed under the threat of death or serious bodily injury under Sec. 21.03, supra. *Jackson v. State*, 591 S.W.2d 820 (Tex.Cr.App. 1979); *Orosco v. State*, 590 S.W.2d 121 (Tex. Cr.App.1979); *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr.App.1979). Appellant's first ground of error is overruled.

In his second ground of error, appellant complains of ineffective assistance of counsel because, "not one witness testified on appellant's behalf and no motion for new trial was filed on appellant's behalf."

■ An accused is entitled to the reasonably effective assistance of counsel. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App. 1980). Ineffective assistance of counsel cannot be established by separating out one portion of the trial counsel's performance for examination. The sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Bolden v. State*, 634 S.W.2d 710 (Tex.Cr.App.1982); *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977).

■ Counsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony. *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App. 1976). Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the indictment is fundamentally defective in that it fails to allege that appellant committed an offense under Sec. 21.03, supra. Specifically, appellant complains that the indictment refers to him as "the Defendant" rather than Jerry Lynn King.

The indictment states in pertinent part that, "... one *Jerry Lynn King* ... did ... intentionally and knowingly have sexual intercourse with [J___ C___] hereinafter called Complainant ... and the *Defendant* did intentionally and knowingly compel the Complainant to submit to the said act of sexual intercourse by threatening serious bodily injury to be imminently inflicted on the Complainant." (Emphasis added.)

According to appellant, "The failure of the Indictment to allege that 'Jerry Lynn King' compelled the Complainant to submit to sexual intercourse by threatening serious bodily injury to be imminently inflicted on the Complainant renders it fundamentally defective."

We disagree with appellant's argument. The word "Defendant" as used in the charging instrument obviously refers back to "one Jerry Lynn King," the only individual listed in the indictment who was charged with committing an offense.

■ In his fourth ground of error, appellant complains of an improper statement by the prosecutor during jury voir dire. After explaining to the panel what a character witness is, the prosecutor was asked the following question by a venireman:

"PROSPECTIVE JUROR: So, in other words, in the punishment phase is the only time we would be allowed to know about the defendant's character, so from the first part of the trial we have to decide from the facts alone, and we couldn't even consider his character, and

nothing would be said about his character?

"PROSECUTOR: Basically that is true. The only exception to that, that you're likely to see, if that—even at that time, is if the defendant himself takes the stand, and *if* he were to have a prior criminal record, he can be what we call impeached, by asking him: Are you one and the same person who has previously been convicted of such and so offense. Okay? Now, those questions are asked, and *if* they are asked—or, *in a situation where they were asked,* you can only consider those to determine whether or not you're going to believe what the defendant says with regard to his other testimony: In other words, you don't take the fact that somebody has been convicted of one offense, and assume, automatically, because he was guilty of one thing, he's automatically guilty of this offense. The judge will instruct you to that effect, if it comes up." (Emphasis added.)

Appellant did not take the stand. It is his position that when he did not take the stand, the jury inferred, because of the prosecutor's statement at voir dire, that he had a prior criminal record.

We do not agree. The prosecutor's comment was a correct response to an apparently spontaneous question from a venireman. The prosecutor had already informed the panel that an accused's failure to take the stand cannot be used against him. The standard jury charge to this effect was also given when the jury retired to reach a verdict.

Obviously, the State cannot be allowed to subtly evade its duty not to comment on the accused's failure to testify. This is not what happened here, however. The prosecutor carefully qualified his answer. He did not state directly or impliedly that if the appellant failed to take the stand it meant that he had a prior criminal record. We perceive no error. See *Cadd v. State,* 587 S.W.2d 736 (Tex.Cr.App.1979).

■ Because we perceive no error in the prosecutor's remarks, we also overrule appellant's contention that his attorney's failure to object to the remarks constituted ineffective assistance of counsel.

■ In grounds of error six and seven, appellant contends that the State, "committed prejudicial misconduct by accusing appellant's counsel of acting in 'bad faith.' "

During cross-examination of the complainant, appellant's counsel asked the question:

"Q. Have you had your deposition taken, in your custody case, yet?

"MR. LENIOR [Prosecutor]: Judge, excuse me. I'm going to object to that as being immaterial. That's a bad faith question. I object to it.

"THE COURT: Sustain the objection.

"MR. LENIOR: I'll ask the jury to disregard such an improper question at this point.

"THE COURT: Disregard the last question of the defense counsel."

The prosecutor's statement was in response to a clearly improper question. Further, no objection was made to the prosecutor's remark. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980). These grounds of error are overruled.

■ In grounds of error eight and nine appellant contends that the sentence was inflicted in a manner which violated the constitutional prohibition against the infliction of cruel and unusual punishment and that the trial court should have instructed the jury on the applicability of the constitutional prohibition against the infliction of cruel and unusual punishment. Specifically, appellant contends that his punishment was inflicted in an unconstitutional manner in that the court, "merely instructed the jury as to the range of punishment (5 years to 99 years or life) and wholly failed to provide the jury with any guidance for determining a proper punishment."

We note initially that the trial court did not, "wholly fail to provide the jury with any guidance for determining a proper punishment." After discussing the range of punishment the court stated:

"You are further charged that in fixing the defendant's punishment, you may take into consideration all of the evidence submitted to you in the full trial of this case, that is, all of the evidence submitted to you in the trial of the first part of this case wherein you were called upon to determine the guilt or innocence of the defendant, and all the evidence, if any, admitted before you in the second part of the trial wherein you are called upon to fix the defendant's punishment and you will be bound by the charges of the Court covering both the first and second parts of this trial in determining what punishment shall be given to the defendant."

The appellant cites many recent death penalty decisions of the United States Supreme Court in support of his argument. The Supreme Court has made it clear, however, that unbridled jury discretion *in death penalty cases* is violative of the Eighth Amendment to the United States Constitution. It has never been suggested that jury discretion on punishment issues in non-capital cases is per se *cruel* and unusual. See *Lockett v. Ohio,* 438 U.S. 586, 603–604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978). No error is shown.

In his final ground of error appellant complains that the order revoking probation recites merely that appellant, "violated the terms and conditions of his probation in this respect: (a) Commit no offense against the laws of this or any other State or the United States." The order did not state that the court had determined that appellant had committed the offense alleged in the amended motion to revoke probation.

The amended motion to revoke probation alleged that appellant committed an aggravated rape against J___ C___. An order revoking probation is sufficient, even though it does not recite the findings and conclusions upon which the trial court acted, absent any request for such findings. *Johnson v. State,* 476 S.W.2d 324 (Tex.Cr. App.1972). See also *Fronatt v. State,* 543 S.W.2d 140 (Tex.Cr.App.1976). Here, appellant made no such request. Appellant's final ground of error is overruled.

The judgments are affirmed.