cr5-433.Mullins.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00433-CR







William Ray Mullins, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 4014, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







PER CURIAM


 William Ray Mullins appeals from the trial court's order revoking his probation. 
Mullins raises two points of error contending (1) that some of the recitations in the trial court's
order are inconsistent with its pronouncement in open court; and (2) that he received ineffective
assistance of counsel. We will reform the summary page of the trial-court order and, as reformed,
affirm the order revoking probation.

 Mullins pleaded guilty to felony driving while intoxicated in October 1992. The
trial court assessed punishment at four years' imprisonment, probated for four years, and a $1,000
fine. In 1993, the State filed a motion to revoke probation. Following a hearing in May 1994,
the trial court determined that Mullins had violated the terms and conditions of his probation. The
court modified the terms and conditions of his probation and extended it to a period of five years
from the original date rather than the original four year probationary period. In December 1994,
the State filed a second motion to revoke probation. Following a hearing on the State's motion
to revoke, the trial court once again ruled that Mullins had violated various terms and conditions
of his probation. The court ordered Mullins' probation revoked and the $1,000 fine reduced to
$500.

 By his first point of error, Mullins argues that the trial court's written order
revoking probation assesses a fine of $1,000. Mullins contends that this sum is inconsistent with
the trial court's pronouncement in open court that it was reducing the $1,000 fine to $500. 
Mullins suggests that we reform the trial court's order to reflect what the record shows the trial
court rendered during the hearing--a fine of $500. The State agrees with Mullins that the record
and the written order are inconsistent and suggests that we reform the trial court's order to reflect
a $500 fine.

 The trial court, at the close of the hearing, found that the allegations in the State's
motion to revoke probation were true, and that there was no reason not to impose the original
sentence of four years' imprisonment. Additionally, the court pronounced that the fine assessed
against Mullins would be reduced from $1,000 to $500. The summary page of the trial court's
written order reflects that the trial court assessed a fine of $1,000 while the court's order states
that Mullins is assessed a fine of $500. On appeal, this Court may reform a trial court's judgment
when it has the necessary data and evidence before it. Tex. R. App. P. 80(b); see Joles v. State,
563 S.W.2d 619, 622 (Tex. Crim. App. 1978); Bell v. State, 774 S.W.2d 371, 378 (Tex.
App.--Austin 1989, pet. ref'd), cert. denied, 497 U.S. 1008 (1990). Since we have the necessary
evidence before us, we reform the summary page of the trial court's order to reflect the
assessment of a $500 fine against Mullins consistent with the actual order. We sustain Mullins'
first point of error.

 By his second point of error, Mullins contends that he received ineffective
assistance of counsel at his revocation hearing. Mullins complains that his appointed counsel was
ineffective when Mullins changed his plea from "Not True" to "True." Additionally, Mullins
contends that his counsel was ineffective because he did not call Mullins to testify at the hearing
and did not present any mitigating evidence at the hearing.

 When we review an ineffective assistance of counsel claim, we apply the standard
described in Strickland v. Washington, 466 U.S. 668 (1984), and adopted in Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986). According to this standard, an appellant must
demonstrate (1) that counsel made errors so serious that appellant was functionally deprived of
the "counsel" guaranteed by the Sixth Amendment; and (2) that but for counsel's alleged
unprofessional errors, the result of the proceeding would have been different. Strickland, 466
U.S. at 687.

 Appellant bears the burden of proving, by a preponderance of the evidence,
ineffective assistance of counsel. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 
A reviewing court allows great deference to trial strategy when addressing an ineffective
assistance of counsel claim. Strickland, 466 U.S. at 687. Appellant must overcome a strong
presumption that counsel's conduct was effective. Id. A court deciding an ineffectiveness claim
must evaluate the reasonableness of counsel's challenged conduct on the facts of the particular
case, viewed as of the time of counsel's conduct. Id. We assess the adequacy of assistance of
counsel by the totality of the representation rather than by counsel's isolated acts or omissions. 
Id.

 Mullins contends that his counsel rendered ineffective assistance when Mullins
changed his plea from "Not True" to "True." Mullins, however, does not explain to this Court
how his counsel was ineffective when he changed his plea. In reviewing the record, when Mullins
stated to the court that he wanted to change his plea, the court questioned him individually on the
issue. Mullins stated that he understood completely the effect of his plea and that the plea was
voluntary. He stated that he was pleading "True" not because he was afraid of anything, nor
because he had been pressured, abused, mistreated, promised something or talked into the plea,
but only because the allegations were true. We conclude that Mullins has not shown that his
counsel was ineffective in this instance.

 The remaining three instances Mullins points out as examples of his counsel's
ineffectiveness relate to his counsel's decision not to call him to testify and not to present any
evidence at the hearing. Mullins cites these instances but does not present any argument about
how his counsel was ineffective.

 When in counsel's reasonable judgment, a witness is as potentially dangerous as
helpful, it is not ineffective assistance to decline to call the witness. Damian v. State, 881 S.W.2d
102, 110 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). Absent a showing that defendant
would have benefitted from the testimony, a decision not to call witnesses at either the guilt or
punishment stage of a proceeding is not ineffective assistance. King v. State, 649 S.W.2d 42, 44
(Tex. Crim. App. 1983).

 In this instance, Mullins does not explain to this Court what evidence his counsel
declined to present. Without informing us of the type of testimony that counsel failed to present,
we are unable to discern whether Mullins would have benefitted from any testimony. 
Consequently, Mullins has not overcome the presumption that his counsel's conduct was effective
and constituted appropriate trial strategy. We conclude that Mullins has not shown that his
counsel provided ineffective assistance in these three instances.

 Considering all of the facts and circumstances, appellant has failed to show that his
trial counsel was ineffective. Based upon the totality of circumstances, Mullins' counsel's
representation was above the minimum constitutional standard enunciated by Strickland and
adopted by Hernandez. We overrule Mullins' second point of error.

 We reform the summary page accompanying the trial court's order to reflect a fine
of $500, and, as reformed, affirm the trial court's order revoking probation.


Before Justices Powers, Jones and B. A. Smith

Reformed and, as Reformed, Affirmed

Filed: February 28, 1996

Do Not Publish



d not call Mullins to testify at the hearing
and did not present any mitigating evidence at the hearing.

 When we review an ineffective assistance of counsel claim, we apply the standard
described in Strickland v. Washington, 466 U.S. 668 (1984), and adopted in Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986). According to this standard, an appellant must
demonstrate (1) that counsel made errors so serious that appellant was functionally deprived of
the "counsel" guaranteed by the Sixth Amendment; and (2) that but for counsel's alleged
unprofessional errors, the result of the proceeding would have been different. Strickland, 466
U.S. at 687.

 Appellant bears the burden of proving, by a preponderance of the evidence,
ineffective assistance of counsel. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 
A reviewing court allows great deference to trial strategy when addressing an ineffective
assistance of counsel claim. Strickland, 466 U.S. at 687. Appellant must overcome a strong
presumption that counsel's conduct was effective. Id. A court deciding an ineffectiveness claim
must evaluate the reasonableness of counsel's challenged conduct on the facts of the particular
case, viewed as of the time of counsel's conduct. Id. We assess the adequacy of assistance of
counsel by the totality of the representation rather than by counsel's isolated acts or omissions. 
Id.

 Mullins contends that his counsel rendered ineffective assistance when Mullins
changed his plea from "Not True" to "True." Mullins, however, does not explain to this Court
how his counsel was ineffective when he changed his plea. In reviewing the record, when Mullins
stated to the court that he wanted to change his plea, the court questioned him individually on the
issue. Mullins stated that he understood completely the effect of his plea and that the plea was
voluntary. He stated that he was pleading "True" not because he was afraid of anything, nor
because he had been pressured, abused, mistreated, promised something or talked into the plea,
but only because the allegations were true. We conclude that Mullins has not shown that his
counsel was ineffective in this instance.

 The remaining three instances Mullins points out as examples of his counsel's
ineffectiveness relate to his counsel's decision not to call him to testify and not to present any
evidence at the hearing. Mullins cites these instances but does not present any argument about
how his counsel was ineffective.

 When in counsel's reasonable judgment, a witness is as potentially dangerous as
helpful, it is not ineffective assistance to decline to call the witness. Damian v. State, 881 S.W.2d
102, 110 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). Absent a showing that defendant
would have benefitted from the testimony, a decision not to call witnesses at either the guilt or
punishment stage of a proceeding is not ineffective assistance. King v. State, 649 S.W.2d 42, 44
(Tex. Crim. App. 1983).

 In this instance, Mullins does not explain to this Court what evidence his counsel
declined to present. Without informing us of the type of testimony that counsel failed to present,
we are unable to discern whether Mullins would have benefitted from any testimony. 
Consequently, Mullins has not overcome the presumption that his counsel's conduct was effective
and constituted appropriate trial strategy. We conclude that Mullins has not shown that his
counsel provided ineffective assistance in these three instances.

 Considering all of the facts and circumstances, appellant has failed to show that his
trial counsel was ineffective. Based upon the totality of circumstances, Mullins' counsel's
representation was above the minimum constitutional standard enunciated by Strickland and
adopted by Hernandez. We overrule Mullins' second point of error.

 We reform the summary page accompanying the trial court's order to reflect a fine
of $500, and, as reformed, affirm the trial court's order revoking probation.


Before Justices Powers, Jones an