Darrell Andrew Moyers v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-116-CR

Â Â Â Â Â DARRELL ANDREW MOYERS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court No. 23192CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On March 31, 1998, a jury convicted Darrell Andrew Moyers of the offense of possession
of a controlled substance and assessed punishment at twelve yearsâ incarceration in the
Institutional Division of the Texas Department of Criminal Justice and a fine of $2,000. 
Moyers filed a notice of appeal on April 30, 1998. Moyers has now filed a motion to
voluntarily dismiss his appeal. 
Â Â Â Â Â Â The appellate rule governing voluntary dismissals in criminal appeals states:
At any time before the appellate courtâs decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk. . . .

Tex. R. App. P. 42.2(a).

Â Â Â Â Â Â We have not issued a decision in this appeal. The motion is signed by both Moyers and
his attorney. Thus, the motion meets the requirements of the rules and is granted.
Â Â Â Â Â Â Moyersâ appeal is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

BeforeÂ Â Â Chief Justice Davis, 
Â Â Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed July 8, 1998
Do not publish



n:none'>Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission. Â Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002). Â There is Âa strong presumption that counselÂs conduct
fell within a wide range of reasonable representation.ÂÂ  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).Â  Â[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.ÂÂ  Thompson
v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).

Swain filed a sworn application for community
supervision asserting that he had never been convicted of a felony.Â  SwainÂs
counsel did not call any witnesses to establish this assertion.Â  Swain elected
not to testify and informed the trial court that no family members were
available to testify.Â  The trial court admonished Swain that absent evidence of
eligibility, there would be no basis for including probation in the jury charge
and the jury would be instructed to impose a sentence of five to ninety-nine
years in prison.Â  Swain acknowledged this fact.Â  Defense counsel argued that
SwainÂs sworn application and criminal history consisting of three prior
misdemeanors could enable the jury to decide whether Swain had been convicted
of a felony.Â  The trial court excluded probation from the jury charge.

In
reliance on our opinion in Ware v. State, Swain argues that trial
counselÂs failure to present evidence of his eligibility for probation
constitutes ineffective assistance.Â  However, Ware addressed ineffective
assistance under the Duffy standard.Â  See Ware, 875 S.W.2d 432, 436
(Tex. App.ÂWaco 1994, pet. refÂd).Â  Duffy has since been abandoned
and Strickland now applies to both phases of trial.Â  See Hernandez
v. State, 988
S.W.2d 770, 771-72 (Tex. Crim. App. 1999).

As
we noted in Ware, application of Strickland may result in a
different outcome, such as in the present proceeding.Â  See Ware, 875 S.W.2d at 436.Â 
Under Strickland, Swain has failed to overcome the presumption that
trial counselÂs conduct fell within the zone of Âreasonable representation.ÂÂ  Salinas, 163 S.W.3d at
740.Â  A
claim of ineffective assistance Âbased on counselÂs failure to call witnesses fails
in the absence of a showing that such witnesses were available to testify and that the
defendant would have benefitted
from their testimony.ÂÂ  Wade v. State, 164 S.W.3d 788, 796 (Tex. App.ÂHouston [14th Dist.] 2005, no pet.) (citing Wilkerson
v. State, 726
S.W.2d 542, 551 (Tex. Crim. App. 1986); King v.
State, 649
S.W.2d 42, 44 (Tex. Crim. App. 1983)); see Cate v. State, 124 S.W.3d
922, 928 (Tex. App.ÂAmarillo 2004, pet. refÂd).Â  Swain has not identified any
witnesses or evidence that should have been presented in support of his
eligibility for community supervision.Â  Neither has Swain shown that any
witnesses were available to testify on his behalf.

Accordingly, Swain has failed to show that trial
counselÂs performance was deficient.Â  See Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; see also Bone, 77 S.W.3d at 836.Â  Because Swain cannot prove the first prong of the Strickland
test, he cannot prevail on his ineffective assistance claim and we need not
address the second prong of the Strickland test.Â  See Strickland, 466 U.S. at 697, 104 S. Ct. at
2069; see also
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Â We overrule SwainÂs second point of error.

Having overruled both of SwainÂs points of error,
we affirm the trial courtÂs judgment.

Â 








FELIPE REYNA

Justice

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the result, but not the opinion, without a separate
opinion)

Affirmed

Opinion delivered and filed
July 18, 2007

Do not publish

[CRPM]