IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,385-01 AND WR-65,385-02






EX PARTE EFRAIN MEDINA CASANOVA, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 01CR0068 AND 01CR0069 IN THE 10TH JUDICIAL DISTRICT COURT


FROM GALVESTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to 30 years' and 25 years' imprisonment. The First Court of Appeals
affirmed his convictions. Casanova v. State, Nos. 01-01-00905-CR and 01-01-00906-CR (Tex. App.
- Houston, December 19, 2002, pet. ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to contact and call a potential defense witness, Grace Salinas, who would have testified that
she never saw Applicant commit any act of abuse toward the complainant or any other child and that
she was present many times while Applicant was babysitting the complainant. She would have
provided information about Applicant's history, background, and good character.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel contacted the potential
defense witness, and whether she was available and would have provided testimony that would have
been of some benefit to the defense. See King v. State, 649 S.W.2d 42 (Tex. Crim. App. 1983). The
court shall also make findings of fact as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: October 25, 2006

Do not publish