IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,246-01 AND WR-69,246-02






EX PARTE THOMAS DRAKE WHEELER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 241-1401-01-A AND 241-0332-02-A IN THE 241ST DISTRICT
COURT FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts
of sexual assault and was sentenced to twenty years' imprisonment on each count.

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel failed to interview potential witnesses who could have testified that Applicant's relationship
with the complainant was consensual. He also alleges that his is innocent of these charges and that
counsel's advise to plead guilty was objectively deficient. In support his claim, Applicant has
submitted an affidavit from his ex-wife, Darlene Freestone, showing that counsel never contacted
Freestone, that Freestone knew that the relationship with the complainant was consensual, and that
she was available to testify at trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); King v. State, 649 S.W.2d 42 (Tex. Crim. App. 1983). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide
Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d) in that it shall order counsel to file a supplemental affidavit addressing: (1) whether
counsel tried to contact Freestone as part of his pre-trial investigation and, if not, counsel's strategic
reason for not contacting Freestone; and (2) whether counsel was aware that Applicant maintained
that his relationship with the complainant was consensual and, if so, counsel's strategic reason for
advising Applicant to plead guilty. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel attempted to contact
Freestone as part of his pre-trial investigation and, if not, why counsel decided not to do so. Also,
the trial court shall make findings of fact as to whether counsel was aware that Applicant maintained
that his relationship with the complainant was consensual and, if so, why counsel advised Applicant
to plead guilty. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 7, 2008

Do not publish