COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CURTIS EUGENE BAILEY, | | No. 08-08-00013-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 292nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-03-23682-V) |
| | § | |

## O P I N I O N

Curtis Eugene Bailey appeals his conviction for violation of a protective order. Appellant entered a plea of guilty and the trial court assessed his punishment at a $1,000 fine and three years' deferred community supervision. The State filed a motion to proceed with an adjudication of guilt, alleging violations of community supervision. After a hearing, the trial court found the allegations true and sentenced Appellant to ten years' imprisonment, probated for ten years. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with violation of a protective order. On September 1, 2004, Appellant entered a guilty plea and, pursuant to a plea bargain, was sentenced to a $1,000 fine and three years' deferred community supervision. The State subsequently filed a motion to proceed with an adjudication of guilt, alleging numerous violations of the terms and conditions of community supervision. The motion alleged that Appellant violated condition "b" of the terms and conditions in that Appellant's urine tested positive for THC on six occasions; he violated condition "d" by failing to report on several occasions in 2006 and 2007; he violated condition "j" by failing to pay a probation fee; he violated condition "o" by failing to successfully complete the Anger Control

Program; and he violated condition (s) because he did not participate in substance abuse counseling. At the hearing on the motion to adjudicate, Appellant pled true to the allegations contained in the motion to adjudicate and the State introduced Appellant's written plea of true and judicial confession. Appellant judicially confessed that he had failed to report as alleged, had used a controlled substance or narcotic and failed urinalysis as alleged, and had failed to complete drug treatment and the Anger Control Program as he was directed. He did not judicially confess to failing to pay the probation fee. In the judgment, the trial court found that Appellant violated the terms and conditions of community supervision as set out in the State's motion to adjudicate guilt. While the judgment does not set forth each separation violation, it states, "See attached Motion to Adjudicate Guilt." The court assessed Appellant's punishment at imprisonment for a term of ten years but placed him on community supervision for ten years. Appellant filed a timely notice of appeal.

## ADJUDICATION OF GUILT

In his sole point of error, Appellant contends that the judgment adjudicating guilt failed to satisfy minimum due process requirements because the trial court failed to make a written statement of its reasons for proceeding with adjudication and the evidence on which the court relied. The State responds that an order revoking probation is sufficient without such a written statement because Appellant did not request it. Alternatively, the State maintains Appellant waived his complaint by failing to object.

In *Gagnon v. Scarpelli*, the Supreme Court enunciated the minimum requirements of due process which must be observed in probation revocation hearings: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of the evidence against him; (c) opportunity to be heard in person and to present witnesses and evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement

by the fact finders as to the evidence relied on and the reasons for revoking probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973), *citing Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). In Texas, the procedure for revoking probation affords a probationer greater safeguards than those required by *Gagnon* and *Morrissey*. *See Ruedas v. State*, 586 S.W.2d 520, 523 (Tex.Crim.App. 1979). The Court of Criminal Appeals has also addressed a defendant's complaint that he was denied due process because the judgment revoking his probation stated only that he "violated the terms and conditions of his probation in this respect: (a) Commit no offense against the laws of this or any other State or the United States." *King v. State*, 649 S.W.2d 42, 46 (Tex.Crim.App. 1983). The motion to revoke more specifically alleged that King had sexually assaulted a person identified in the opinion by the initials "J.C." *Id.* The court held that an order revoking probation without reciting the court's specific findings and conclusions is sufficient unless the defendant makes a request for written findings. *Id.*

Appellant asserts that he made requests following adjudication for written findings. Acting *pro se*, Appellant wrote several letters to the trial court claiming he did not know what he was doing when he entered his plea of true and requesting a different sentence. In two of the letters, Appellant admitted that his guilt was adjudicated because he had failed to report and "dirty urinalysis." He also acknowledged he had not completed his "drug classes," and he promised he would not do drugs and would report to his probation officer. We are unable to construe the letters as requesting a written statement of the court's reasons for proceeding with adjudication and the evidence on which the court relied. Under *King*, the judgment adjudicating guilt is sufficient because Appellant did not request specific findings.

Even if Appellant had requested written findings, the record establishes he had notice of the

grounds alleged by the State and the trial court's findings which led to revocation of community supervision and adjudication of guilt. Appellant pled true to all of the allegations and judicially confessed that he had violated conditions "b, d, j, o, and s" by failing to report, using a controlled substance, and failing to complete drug treatment and the Anger Control Program. Further, the trial court stated in its judgment that Appellant violated the terms and conditions of community supervision as set forth in the State's motion to adjudicate. Appellant's letters indicate that he knew his guilt had been adjudicated because he had failed to report, he had used drugs, and he had not completed his drug classes. These admissions cover all of the allegations and the trial court's findings. Because we conclude that the minimum requirements of due process were satisfied, we overrule Appellant's sole issue and affirm the judgment of the trial court.

August 28, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)