COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





CURTIS EUGENE BAILEY,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-08-00013-CR



Appeal from


 292nd District Court


of Dallas County, Texas


(TC # F-03-23682-V)




O P I N I O N



 Curtis Eugene Bailey appeals his conviction for violation of a protective order. Appellant
entered a plea of guilty and the trial court assessed his punishment at a $1,000 fine and three years'
deferred community supervision. The State filed a motion to proceed with an adjudication of guilt,
alleging violations of community supervision. After a hearing, the trial court found the allegations
true and sentenced Appellant to ten years' imprisonment, probated for ten years. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 Appellant was charged by indictment with violation of a protective order. On September 1,
2004, Appellant entered a guilty plea and, pursuant to a plea bargain, was sentenced to a $1,000 fine
and three years' deferred community supervision. The State subsequently filed a motion to proceed
with an adjudication of guilt, alleging numerous violations of the terms and conditions of community
supervision. The motion alleged that Appellant violated condition "b" of the terms and conditions
in that Appellant's urine tested positive for THC on six occasions; he violated condition "d" by
failing to report on several occasions in 2006 and 2007; he violated condition "j" by failing to pay
a probation fee; he violated condition "o" by failing to successfully complete the Anger Control
Program; and he violated condition (s) because he did not participate in substance abuse counseling. 
At the hearing on the motion to adjudicate, Appellant pled true to the allegations contained in the
motion to adjudicate and the State introduced Appellant's written plea of true and judicial
confession. Appellant judicially confessed that he had failed to report as alleged, had used a
controlled substance or narcotic and failed urinalysis as alleged, and had failed to complete drug
treatment and the Anger Control Program as he was directed. He did not judicially confess to failing
to pay the probation fee. In the judgment, the trial court found that Appellant violated the terms and
conditions of community supervision as set out in the State's motion to adjudicate guilt. While the
judgment does not set forth each separation violation, it states, "See attached Motion to Adjudicate
Guilt." The court assessed Appellant's punishment at imprisonment for a term of ten years but
placed him on community supervision for ten years. Appellant filed a timely notice of appeal. 

ADJUDICATION OF GUILT


 In his sole point of error, Appellant contends that the judgment adjudicating guilt failed to
satisfy minimum due process requirements because the trial court failed to make a written statement
of its reasons for proceeding with adjudication and the evidence on which the court relied. The State
responds that an order revoking probation is sufficient without such a written statement because
Appellant did not request it. Alternatively, the State maintains Appellant waived his complaint by
failing to object.

 In Gagnon v. Scarpelli, the Supreme Court enunciated the minimum requirements of
due process which must be observed in probation revocation hearings: (a) written notice of the
claimed violations of probation; (b) disclosure to the probationer of the evidence against him; (c)
opportunity to be heard in person and to present witnesses and evidence; (d) the right to confront and
cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement
by the fact finders as to the evidence relied on and the reasons for revoking probation. Gagnon v.
Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973), citing Morrissey v.
Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). In Texas, the procedure
for revoking probation affords a probationer greater safeguards than those required by Gagnon and
Morrissey. See Ruedas v. State, 586 S.W.2d 520, 523 (Tex.Crim.App. 1979). The Court of
Criminal Appeals has also addressed a defendant's complaint that he was denied due process because
the judgment revoking his probation stated only that he "violated the terms and conditions of his
probation in this respect: (a) Commit no offense against the laws of this or any other State or the
United States." King v. State, 649 S.W.2d 42, 46 (Tex.Crim.App. 1983). The motion to revoke
more specifically alleged that King had sexually assaulted a person identified in the opinion by the
initials "J.C." Id. The court held that an order revoking probation without reciting the court's
specific findings and conclusions is sufficient unless the defendant makes a request for written
findings. Id.

 Appellant asserts that he made requests following adjudication for written findings. Acting
pro se, Appellant wrote several letters to the trial court claiming he did not know what he was doing
when he entered his plea of true and requesting a different sentence. In two of the letters, Appellant
admitted that his guilt was adjudicated because he had failed to report and "dirty urinalysis." He also
acknowledged he had not completed his "drug classes," and he promised he would not do drugs and
would report to his probation officer. We are unable to construe the letters as requesting a written
statement of the court's reasons for proceeding with adjudication and the evidence on which the
court relied. Under King, the judgment adjudicating guilt is sufficient because Appellant did not
request specific findings. 

 Even if Appellant had requested written findings, the record establishes he had notice of the
grounds alleged by the State and the trial court's findings which led to revocation of community
supervision and adjudication of guilt. Appellant pled true to all of the allegations and judicially
confessed that he had violated conditions "b, d, j, o, and s" by failing to report, using a controlled
substance, and failing to complete drug treatment and the Anger Control Program. Further, the trial
court stated in its judgment that Appellant violated the terms and conditions of community
supervision as set forth in the State's motion to adjudicate. Appellant's letters indicate that he knew
his guilt had been adjudicated because he had failed to report, he had used drugs, and he had not
completed his drug classes. These admissions cover all of the allegations and the trial court's
findings. Because we conclude that the minimum requirements of due process were satisfied, we
overrule Appellant's sole issue and affirm the judgment of the trial court.



August 28, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)