Affirmed and Memorandum Opinion filed February 9, 2010.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00732-CR

___________________

 

Thomas Ray Poole, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 173rd District Court

Henderson County,
Texas



Trial Court Cause No. A-14,947

 



 

 

MEMORANDUM OPINION

            Appellant, Thomas Ray Poole, appeals his conviction
for felony Driving While Intoxicated (“DWI”).  Tex. Penal Code Ann. §§ 49.04,
49.09(b)(2) (Vernon 2003).  Pursuant to the habitual felony offenders statute,
appellant was sentenced to forty years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Tex. Penal Code Ann. § 12.42(d)
(Vernon Supp. 2009).  We affirm.

Factual and Procedural Background

On April 28, 2006, Texas Department of Public Safety
Trooper Johnny Massey first observed appellant’s vehicle on State Highway 198
in Henderson County, Texas as he was completing a traffic stop on another
vehicle.  When Trooper Massey checked appellant’s speed, he was traveling 62
miles per hour in a 55 mile per hour zone.  While following appellant, Trooper
Massey observed what he believed was a malfunctioning brake light on
appellant’s vehicle.  After confirming the malfunctioning brake light, Trooper
Massey activated his emergency lights and pulled appellant over.

After making contact with appellant, Trooper Massey
smelled the odor of alcohol.  In addition, Trooper Massey noticed appellant’s
speech was slurred, his eyes were red, and his balance appeared off.  Trooper
Massey then performed field sobriety tests on appellant.  During trial, Trooper
Massey testified appellant failed all three field sobriety tests.  Trooper
Massey then had appellant give a breath sample into a portable breath tester
device, the result of which was a .152 blood alcohol content.  Trooper Massey
then placed appellant under arrest for DWI.  Trooper Massey took appellant to
the Henderson County jail where he administered two breath tests on appellant
using the Intoxilizer 5000.  The two breath tests revealed a blood alcohol
content of .12 and .114 respectively.  On July 16, 2008, the jury found
appellant guilty.  That same day, the jury assessed his punishment at 40 years’
confinement.  The trial court sentenced him accordingly and this appeal
followed.

Discussion

            In a single
issue, appellant contends he received ineffective assistance of counsel during
the guilt-innocence phase of his trial when, during his cross-examination, appellant’s
trial counsel questioned Trooper Massey concerning the specific result of the
portable breath test administered to appellant.  We disagree that, on this
record, appellant has established that his trial counsel was ineffective.

I.         The Standard of
Review

            In reviewing
claims of ineffective assistance of counsel, we apply a two prong test.  See
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984)).  To establish ineffective assistance of counsel, appellant must prove
by a preponderance of the evidence that (1) his trial counsel’s representation
was deficient in that it fell below the standard of prevailing professional
norms, and (2) there is a reasonable probability that, but for counsel’s
deficiency, the result of the trial would have been different.  Id.

            An accused is
entitled to reasonably effective assistance of counsel.  King v. State,
649 S.W.2d 42, 44 (Tex. Crim. App. 1983).  However, reasonably effective
assistance of counsel does not mean error-free representation.  Ex parte Felton,
815 S.W.2d 733, 735 (Tex. Crim. App. 1991).  When evaluating a claim of
ineffective assistance, the appellate court looks to the totality of the
representation and the particular circumstances of the case.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  There is a strong
presumption that counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy.  Salinas, 163 S.W.3d at 740;
Stults v. State, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.]
2000, pet. ref’d).  To overcome the presumption of reasonable professional
assistance, “any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
Thompson, 9 S.W.3d at 814.  When determining the validity of an
ineffective assistance of counsel claim, any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight.  Ingham,
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is
silent as to the reasons for trial counsel’s conduct, a finding that trial
counsel was ineffective would require impermissible speculation by the
appellate court.  Stults, 23 S.W.3d at 208.  Absent specific
explanations for counsel’s decisions, a record on direct appeal will rarely
contain sufficient information to evaluate an ineffective assistance claim.  Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 

If a criminal defendant can prove trial counsel’s
performance was deficient, he still must prove he was prejudiced by counsel’s
actions.  Thompson, 9 S.W.3d at 812.  This requires the defendant to
demonstrate a reasonable probability that the result of the proceeding would
have been different if the trial counsel had acted professionally.  Id. 
A reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Malett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

II.        Appellant did not
establish that his trial counsel’s performance was deficient.

            To overcome the
presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9
S.W.3d at 813.  Appellant did not file a motion for new trial.  In addition,
appellant’s trial counsel was not afforded the opportunity to explain his
decisions or trial strategy.  While we may be able to speculate as to why
appellant’s trial counsel asked Trooper Massey about the results of appellant’s
portable breath test, there is no direct evidence in the appellate record of
his reasons for doing so.  Therefore, without speculation, we cannot determine
whether counsel’s representation of appellant fell below the objective standard
of professional representation.  In the absence of a record identifying the
reasons for trial counsel’s actions, we must presume they were made
deliberately and as a part of a reasonable trial strategy.  Stults, 23
S.W.3d at 209.  We overrule appellant’s only issue on appeal.

Conclusion

            Having overruled
appellant’s single issue on appeal, we affirm the trial court’s judgment. 

                                                                                 

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief 
Justice Hedges and Justices Anderson, and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).