

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00378-CR

JAMALL TERRELL YOUNG                                              APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1312252

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a revocation of community supervision.  In a single point, Appellant Jamall Terrell Young contends that the trial court reversibly erred by failing to reduce to writing its oral finding of a probation violation.  We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Young pleaded guilty to aggravated assault causing serious bodily injury on December 8, 2011, and the trial court sentenced him to ten years' community supervision. A condition of Young's community supervision required him to successfully complete a specified term at an intermediate sanction facility and comply with behavioral conditions imposed by the trial court. The intermediate sanction facility discharged Young on May 24, 2013, for violating those behavioral conditions by engaging in a physical altercation, disrespecting staff, possessing contraband, and sleeping during group sessions. Thereafter, the State filed its petition to revoke Young's community supervision, alleging in one paragraph that he had violated the terms of his community supervision by being unsuccessfully discharged from the intermediate sanction facility. At the conclusion of the revocation hearing, the trial court found that Young had violated "the terms and conditions of [his] probation in paragraph one [of the State's petition]." The judgment revoking Young's community supervision states,

> The Court FINDS Defendant has violated the conditions of community supervision as set out in the State's ORIGINAL Motion to Revoke Community Supervision as attached:
> PARAGRAPH 1
> Accordingly, the Court ORDERS the previous orders in this cause suspending imposition of sentence of confinement and placing Defendant on community supervision REVOKED.

Contrary to Young's argument on appeal, the trial court's written judgment states the court's finding that Young had violated the terms of his community supervision alleged in the State's petition as "PARAGRAPH 1." That paragraph alleged that Young had failed to complete his required time at the intermediate

2

sanction facility. Thus, the trial court included a written finding in its judgment. *See, e.g.*, *Pickett v. State*, No. 10-12-00214-CR, 2013 WL 6923728, at *1 (Tex. App.—Waco Dec. 27, 2013, no pet.) (holding judgment reciting that defendant violated community supervision terms "as set out in the State's amended motion to adjudicate guilt" satisfied due process).

Additionally, Young did not request written findings and conclusions from the trial court. If, as in this case, an appellant fails to formally request the trial court's written findings of fact and conclusions of law, oral recitations are sufficient to uphold a judgment revoking community supervision. *King v. State*, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983).

Young relies heavily on *Gordon v. State*, 4 S.W.3d 32 (Tex. App.—El Paso 1999, no pet.). In *Gordon*, the appellate court refused to uphold the trial court's probation revocation based on the appellant's failure to pay supervision fees—a ground for revocation alleged by the State and orally found by the trial court—because the trial court did not include that finding in its written revocation order. *Id.* at 38. But because the trial court in this case stated both orally and in writing its finding that Young had violated the term of his community supervision alleged as the sole ground in the State's petition—paragraph one—and because Young did not request more specific findings and conclusions, we do not find *Gordon* persuasive here.

We overrule Young's sole point and affirm the trial court's judgment.

3

                                        /s/ Sue Walker
                                        SUE WALKER
                                        JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 18, 2014