# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00217-CR

**Raymond Paul Schmidt, III, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
## NO. CR2014-075, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Raymond Paul Schmidt, III guilty of burglary of a habitation, a second-degree felony, and theft of more than $1,500 but less than $20,000, a state jail felony. Schmidt then pled true to three enhancement paragraphs, and the trial court assessed punishment at 35 years' imprisonment for the burglary of a habitation and 15 years' imprisonment for the theft. In his sole point of error, Schmidt contends that the trial court abused its discretion in denying his motion for new trial because he received ineffective assistance of counsel. We will affirm the trial court's judgments of conviction.

## BACKGROUND

At trial, the State presented evidence of the following facts. At the time of the alleged offenses, Schmidt lived in a trailer near a house owned by a woman with whom his father was in a romantic relationship. Schmidt's father entered the house and unexpectedly found Schmidt inside. When the homeowner returned, Schmidt's father told her that Schmidt was

"acting funny." Schmidt's father also told her that her jewelry cabinet was open. After checking, the homeowner discovered that some of her jewelry was missing. Local pawn shops' records showed that Schmidt had sold several pieces of the missing jewelry. Schmidt later sent the homeowner a letter from jail in which he apologized and offered "to make things right."

During the punishment phase of trial, Schmidt pled true to the three enhancement paragraphs, including a prior conviction for possession of a controlled substance and two prior convictions for burglary of a habitation. In addition, the State presented evidence that Schmidt was a member of the Aryan Brotherhood (a prison gang) and that he had struck and killed a pedestrian with his vehicle while having methamphetamine in his blood.

Schmidt was convicted and sentenced. He filed a motion for new trial arguing that he received ineffective assistance of counsel, which was denied by operation of law. This appeal followed.

## DISCUSSION

Schmidt argues that he received ineffective assistance of counsel because: "(1) counsel failed to file a single motion in this cause; (2) counsel failed to request the issuance of a single subpoena in this cause; (3) counsel refused to turn over his file to appellate counsel; (4) counsel failed to contact any witnesses other than Appellant's father prior to trial; (5) counsel failed to conduct an independent investigation of this case and relied solely on discovery sent by the District Attorney's Office; and (6) counsel failed to conduct an independent investigation into the convictions used for enhancement purposes in this case."

"We review a trial judge's ruling on a motion for new trial under an abuse of discretion standard." *Briggs v. State*, 560 S.W.3d 176, 183–84 (Tex. Crim. App. 2018). "To

2

prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). In addition, as the Texas Court of Criminal Appeals has explained,

> Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel's reasons for failing to do something do not appear in the record. We have said that trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (footnotes and internal quotation marks omitted).

Here, Schmidt alleges several omissions on the part of his trial counsel.[1] However, he does not explain why those omissions could not be part of a competent trial strategy, why the omitted actions were necessary, or how the result might have been different absent the omissions. Schmidt does not describe the motions that should have been filed, the subpoenas that should have been issued, the witnesses that should have been contacted, or the investigations that should have been performed. Therefore, based on the record before us, we have no way of knowing whether the omissions constituted deficient performance, and we

---

[1] For example, Schmidt alleges that "counsel refused to turn over his file to appellate counsel." However, he points to nothing in the record before us, or any other evidence, to substantiate this claim.

3

decline to hold that these omissions were "so outrageous that no competent attorney would have engaged in [them]." *See id.*[2]

Moreover, even if we were to assume, without deciding, that Schmidt's trial counsel provided deficient performance, Schmidt has not demonstrated harm by showing how the result would have been different but for his counsel's errors. *See Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) ("[F]ailure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony.") (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)); *Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007) (order) (per curiam) ("When challenging an attorney's failure to call a particular witness, an applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense.") (internal quotation marks omitted, brackets in original); *Martinez v. State*, 449 S.W.3d 193, 210 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("By failing to provide any indication of whether good-character or mitigating evidence was available to appellant and what constituted that evidence, appellant has not established that his trial counsel rendered ineffective assistance for failing to introduce such evidence at trial.").

Because Schmidt has not explained how his trial counsel's omissions constituted deficient performance or how he was harmed by the alleged errors, and because the record before us does not reveal outrageous errors on the part of Schmidt's trial counsel, we cannot conclude

---

[2] In addition, the record demonstrates that Schmidt's trial counsel actively participated in the proceedings and that he pursued a coherent trial strategy—arguing that, although Schmidt committed theft, he did not commit burglary because he had a right to be in the house. Given the overwhelming evidence of theft, we cannot say that this trial strategy was unreasonable.

that the trial court abused its discretion in denying his motion for new trial. Accordingly, we overrule his sole point of error.

## CONCLUSION

We affirm the trial court's judgments of conviction.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: June 25, 2019

Do Not Publish