

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-465-CR

JAMES ARTHUR NEWELL                                              APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

A jury found Appellant James Arthur Newell guilty of engaging in organized criminal activity and assessed his punishment at life imprisonment. In four issues, Newell asserts that he received ineffective assistance of counsel. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural Background

In 2006, three members of the Aryan Brotherhood attacked and repeatedly stabbed James Padgett.  Padgett sustained wounds that left him incapacitated until his death nearly one year later.  Newell was not one of the three individuals who attacked Padgett; however, the State introduced evidence that Newell, an alleged member of the Aryan Brotherhood, had ordered the attack on Padgett in retaliation for Padgett supplying methamphetamine to Newell's sister.  The State charged Newell with engaging in organized criminal activity.  After a trial on the merits, the jury found Newell guilty and sentenced him to life.  This appeal followed.

## III.  Ineffective Assistance of Counsel

In four issues, Newell argues that he was denied effective assistance of counsel.  Specifically, Newell claims that his trial counsel (1) failed to call witnesses material to the defense, (2) failed to satisfy an objective standard of reasonableness with his trial performance, (3) failed to conduct any form of pretrial investigation, and (4) made cumulative decisions at trial that resulted in Newell being denied a fair and impartial trial.

### A.  Standard of Review

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the

standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65

3

S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*, 104 S. Ct. at 2068. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

**B. Discussion**

Some of Newell's issues contain sub-issues; many of his issues and sub-issues overlap. We will address all of Newell's issues and sub-issues in the order they are argued.

**1. Failure to Call Witnesses**

As part of his first issue, and as a sub-issue under his second and third issues, Newell complains that he received ineffective assistance of counsel because his trial attorney failed to call any witnesses material to his defense. However, contrary to Newell's complaint, our review of the record shows that Newell's sister—who was also the victim's girlfriend—took the stand as a witness for the defense and testified that she believed her mother was responsible for the attack on Padgett. Furthermore, Newell has failed to articulate who his trial attorney should have called as witnesses and what they would have testified to that would have helped his case. *See King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (holding that an appellant who complains about trial counsel's failure to call witnesses must show that witnesses were available and that the witnesses' testimony would have benefitted his case). Therefore, based on the record before us, Newell has failed to show that his trial attorney's failure to call witnesses resulted in ineffective assistance. Accordingly, we overrule those portions of Newell's

5

argument under issues one, two, and three asserting ineffective assistance due to failure to call witnesses.

### 2. Failure to Conduct any Pre-trial Investigation

As a sub-issue under his first and second issues, and as part of his third issue, Newell claims that his trial attorney's lack of pre-trial investigation resulted in ineffective assistance of counsel. However, the record does not reflect what investigation, if any, was performed before trial, and Newell has failed to develop a record of the information that his trial attorney would have discovered through further investigation. Therefore, without support in the record for his assertions regarding lack of investigation, Newell cannot demonstrate ineffective assistance of counsel. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (holding that any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998). Accordingly, we overrule those portions of Newell's argument under his first, second, and third issues claiming ineffective assistance due to lack of investigation.

### 3. Lack of an Opening Statement

As part of his first issue, Newell asserts that his trial attorney was ineffective for failing to make an opening statement. However, there is a presumption that an attorney's decisions at trial are formulated based on sound trial strategy. *Cardenas v. State*, 30 S.W.3d 384, 391 (Tex. Crim. App. 2000). Newell did not file a motion for new trial alleging ineffective assistance of counsel. As a result, we do not have the benefit of knowing the trial attorney's reasons for not giving an opening statement. Therefore, Newell has failed to rebut the presumption that such decision was based on sound trial strategy. *See Standerford v. State*, 928 S.W.2d 688, 697 (Tex. App.—Fort Worth 1996, no pet.) (holding that the failure to give an opening statement has been held to be a valid tactical decision). Accordingly, we overrule the portion of Newell's argument under his first issue asserting ineffective assistance based on his trial attorney's failure to make an opening statement.

### 4. Failure to File Pre-trial Motions

As part of his second issue, Newell argues that his trial attorney did not provide effective assistance of counsel because, other than a form motion in limine, he failed to file pre-trial motions and obtain rulings on substantive issues that figured prominently during trial. Moreover, Newell argues that had pre-trial motions been filed, his trial attorney would have been better informed as to the

7

consequences of rejecting a plea bargain agreement offered by the State. However, Newell has failed to articulate which meritorious motions his trial attorney could have filed that would have resulted in a change in the outcome of the case. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding that unless appellant shows that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion). Therefore, based on the record before us, Newell cannot show that his trial attorney's failure to file pre-trial motions resulted in ineffective assistance of counsel. Accordingly, we overrule the portion of Newell's argument under his second issue claiming ineffective assistance due to his trial attorney's failure to file pre-trial motions.[2]

---

[2] As part of his second issue, in a point heading only, Newell raised ineffective assistance of counsel based on his trial attorney's failure to complete a competent cross-examination of the State's expert. However, Newell failed to set forth any argument or legal authority to support his position. Therefore, we overrule this portion of his argument as inadequately briefed. *See* Tex. R. App. P. 38.1(h); *Tong v. State,* 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied,* 532 U.S. 1053 (2001); *Mosley v. State,* 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999) (holding that if a party provides no argument or legal authority to support its position, the appellate court may properly overrule the issue or point as inadequately briefed).

In addition, as a sub-issue under his second issue, Newell argues ineffective assistance of counsel due to his trial attorney's failure to ensure that Newell's sister remained outside the courtroom pursuant to invoking "the rule."

### 5. Cumulative Effect of Decisions

Finally, in his fourth issue, Newell asserts that he was denied effective assistance of counsel as a result of his trial attorney's cumulative decisions and lack of action before and during trial.  However, our review of the record shows that Newell's trial attorney (1) successfully argued his motion in limine, (2) elicited testimony from the State's witnesses sufficient to impeach their credibility and cast doubt on the State's case, (3) elicited testimony implicating someone other than Newell for the crime, and (4) competently argued that the State lacked evidence to connect Newell to the stabbing.  Therefore, based on the record before us, Newell has failed to establish by a preponderance of the evidence that his trial attorney's conduct was not reasonable under the totality of the circumstances and prevailing professional norms.[3] *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.  Accordingly, we overrule Newell's fourth issue.

---

However, it is unclear from the record and Newell's brief how this instance would amount to ineffective assistance.  Therefore, we also overrule this sub-issue as inadequately briefed.  *See* Tex. R. App. P. 38.1(h); *Mosley*, 983 S.W.2d at 256.

[3] Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective-assistance claim.  *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Ordinarily, this kind of record is best developed in a hearing on an application for writ of habeas corpus or a motion for new trial. *Jackson*, 973 S.W.2d at 957.

### IV. Conclusion

Having overruled all of Newell's dispositive issues, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 11, 2008