Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00066-CR

Julian **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 09-01-00005-CRL
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 8, 2010

AFFIRMED

This appeal arises from the conviction of Julian Garcia for the aggravated sexual assault of a child, C.C.[1]  Garcia argues that he received ineffective assistance of counsel because his appointed trial and appellate counsel: (1) neglected to ensure a hearing was held on his motion for new trial; (2) failed to diligently investigate prospective defense witnesses and call them to testify; (3) failed to raise a *Batson* objection to the prosecution's use of nine of its ten peremptory

---

[1]  To protect the privacy of the victim in this case, we refer to the victim by her initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2008).

strikes on Hispanic jurors, and used all of the defense's own peremptory strikes to exclude white jurors; and (4) failed to object to the State's tactics during closing arguments. We affirm the judgment of the trial court.

## BACKGROUND

On April 18, 2008, C.C. spent the night at her friend's house. C.C. stayed the night because C.C., her friend, and several other girls were planning on travelling to Laredo the next morning to shop for Quinceañera dresses. During the night, C.C. awoke to find Julian Garcia, her friend's older brother, sitting by her legs. Julian mumbled something into C.C.'s ear, but she did not understand what he said. He then grabbed C.C.'s arm and pulled her into the kitchen where he asked her to have sex. C.C. ran to lock herself in the restroom, but Julian grabbed her hair and pulled her into another room. Julian then removed C.C.'s clothes, held his hand over her mouth, and had sex with her. Though C.C. did not mention what had happened the following day, she later outcried to a school administrator.

Julian was charged by indictment with aggravated sexual assault of a child. After a jury trial, Julian was convicted and sentenced to fifteen years and one day in prison. Julian's sole issue on appeal is that he received ineffective assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Establishing ineffective assistance of counsel requires an appellant to show (1) a deficient performance by his trial counsel (2) that prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Garza v. State*, 213 S .W.3d 338, 347 (Tex. Crim. App. 2007). Counsel's performance is deficient if his representation falls below an objective standard of professional norms. *Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347–48. The defense is prejudiced if there is a reasonable probability that but for trial counsel's errors, the outcome of the trial would

have been different.  *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Ruiz v. State*, 293 S.W.3d 685, 690 (Tex. App.—San Antonio 2009, pet. ref'd).

Because there is a strong presumption that trial counsel's decisions and actions were motivated by sound strategy, a reviewing court presumes that trial counsel provided effective assistance.  *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).   To overcome this presumption, an appellant's "allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

We review trial counsel's conduct with great deference, especially where the record does not demonstrate the reasons for trial counsel's decisions and actions.  *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  We ordinarily afford trial counsel an opportunity to explain his actions before denouncing his assistance as ineffective.  *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).  Direct appeal is usually not an effective means to raise an ineffective assistance of counsel claim because the record is generally undeveloped. *Thompson*, 9 S.W.3d at 813–14.  Trial counsel's performance will be deemed sufficient if any strategy can be ascribed to his actions or decisions, and his performance will be found deficient only if "the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

## A.  Hearing on the Motion for New Trial

After the jury sentenced Julian, his appointed appellate counsel filed a motion for new trial, and the court set a hearing on the motion for January 14, 2010.  On January 13, appointed appellate counsel filed an application for a bench warrant to permit Julian to testify at the

January 14 hearing. The trial judge did not sign a bench warrant. Garcia argues that his appointed appellate counsel's actions fell below an objective standard of professional norms when he failed to ensure: (1) that Julian would be bench warranted in time for the hearing; and (2) that the trial court held a hearing on his motion for new trial.

Because the record does not affirmatively demonstrate that any lack of a hearing or the trial court's failure to sign a bench warrant was attributable to Julian's appellate counsel, nothing evidences an action or inaction by appellate counsel that fell below an objective standard of professional norms. *See Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347–48; *Thompson*, 9 S.W.3d at 813–14.

## B. Failure to Diligently Investigate Prospective Witnesses & Call Them to Testify

Two affidavits from Devonna Nieto and Alyssaliel Garcia were attached to Julian's motion for new trial. Both witnesses stated in their affidavits that two weeks after C.C. was attacked, she told them that "nothing happened" between her and Julian. Julian argues that his trial counsel's failure to call these witnesses to testify at trial fell below an objective standard of professional norms.

An ineffective assistance of counsel claim may not be predicated upon a failure to call witnesses unless the appellant shows that those witnesses were available. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). Neither of the witnesses' affidavits indicates that they were available to testify during trial. In fact, the basis for Julian's motion for new trial was that, after a diligent pre-trial investigation, these newly discovered witnesses could not be found. Moreover, the record is silent with regard to the investigation trial counsel had undertaken, and the reasons he may have had for not calling the two witnesses to testify. *Thompson*, 9 S.W.3d at 813 (ineffective assistance claims must be firmly founded in the record). Accordingly, this

allegation of ineffectiveness is not firmly founded in the record. *See id.* at 813–14; *King*, 649 S.W.2d at 44.

## C. Improper Use of Peremptory Strikes

Julian argues that his trial counsel was ineffective by failing to raise a *Batson* objection to the State's use of nine of its ten peremptory strikes on Hispanic jurors. Garcia also argues that his trial counsel was ineffective for using all of his peremptory strikes on white jurors. Again, the record is silent with regard to the reasons for trial counsel's failure to object to the State's use of peremptory strikes, and the reasons for his own use of peremptory strikes. *Thompson*, 9 S.W.3d at 813. Trial counsel could have decided against raising a *Batson* objection because, despite both sides' use of peremptory challenges, seven of the twelve jurors were Hispanic. Moreover, trial counsel could have had non-discriminatory reasons for his use of peremptory strikes. Thus, these allegations of ineffectiveness are also not firmly founded in the record. *See id.* at 813–14.

## D. Failure to Object to the State's Closing Argument

Finally, Julian argues that his trial counsel's failure to object to the State's tactics during closing argument constitutes ineffective assistance. Specifically, Julian complains that trial counsel failed to object when the State initially made a very short closing argument, and made the bulk of its argument after defense counsel presented his closing argument. Assuming, without deciding, that the State's closing argument was improper, trial counsel's failure to object could have been a tactical decision based on his belief that Julian's case would be more strongly presented as the first, more in-depth analysis of the evidence presented at trial. *See Taylor v. State*, 947 S.W.2d 698, 703–04 (Tex. App.—Fort Worth 1997, pet. ref'd) (holding that not objecting during the State's closing argument can be a tactical decision). Because the record

does not indicate the reason that trial counsel failed to object to the brevity of the State's initial closing argument, Julian's allegation of ineffectiveness is not firmly founded in the record, and does not overcome the strong presumption of effective assistance. *See Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14.

#### CONCLUSION

Because none of Garcia's allegations of ineffective assistance of counsel are firmly founded in the record, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH