Affirmed and Memorandum Opinion
filed June 28, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00670-CR



Gerardo Amaya, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 183rd District Court

Harris County, Texas

Trial Court
Cause No. 1204157



 

MEMORANDUM OPINION

Appellant Gerardo
Amaya was convicted of sexual assault of a child.  The jury assessed punishment
at five years and six months of imprisonment and a $10,000 fine.  In his sole
issue, appellant contends that he received ineffective assistance of counsel
because his trial counsel failed to object to or properly preserve for review the
admission of testimony about the complainant’s credibility.[1]  We affirm.

I.                  
Background

Appellant is the
complainant’s stepfather.  The complainant, T.B., testified that when she was
around the age of 13 or 14 in 2003, appellant would lie beside her on her bed
at night.  These visits progressed to physical touching.  According to T.B.’s
testimony, appellant started touching her vagina with his hand, penetrated her
vagina with his finger, and placed his mouth on her vagina.  T.B.’s mother and
appellant eventually separated and T.B. resided with her mother.  

In December 2008, T.B.
told her mother that appellant had touched her inappropriately when T.B. was
younger.  After confronting appellant at his house, T.B. and her mother drove
to the police station and made a report.  T.B. filed a sexual-assault report
with Deputy Tamara Simon and Sergeant Leitner.  Yvonne Coleman, a deputy
investigator with the Harris County Sherriff’s Office Child Abuse Unit,
interviewed T.B. as part of a follow-up investigation.  Appellant was charged
by indictment with the offense of sexual assault of a child for placing his
finger in T.B.’s sexual organ.    

At trial, the State
called Simon, Coleman, T.B.’s mother, and T.B. to testify.  Pertinent to this
appeal, the prosecutor asked Simon, Coleman, and T.B.’s mother about T.B.’s
credibility in reporting the alleged abuse.  Simon testified that T.B. appeared
to be “shaken up,” “very shy,” and “kept looking at the ground” when she gave
her statement.  The prosecutor then asked: 

Q:  And based upon your training and your experience as an
officer and as a trained sexual assault officer, how would you describe — did
you find the statements of [T.B.] to be credible?

A:  Yes.

Defense Counsel:  Objection, relevance.

The Court: Overruled. 

***

Q:  Okay.  Actually, let me back up for one second to the
question I asked you about your experience, if you find [T.B.] to be credible.

A:  Uh-huh.

Defense Counsel:  Again, I object to the form of the
question.  It is —

The Court:  That’s sustained.  No speaking objections in
this Court.  Next question.

Coleman also testified
that T.B. seemed “embarrassed,” had her head down, and “appeared ashamed” when
she was interviewed.  The prosecutor asked: 

Q:  And in that training are you taught methods or ways to
help you determine whether you believe the victim’s credible?

A:  Yes, as well as my years experiencing in interviewing
and knowing the type questions and to be patient and allow the person to open
up and speak at their will.

Q:  Based on your training and experience did you find the
Complainant, [T.B.], to be credible when you interviewed her?

A:  Very credible. 

In addition, T.B.’s
mother was asked by the prosecutor whether she believed her daughter when T.B.
told her what had happened and she responded, “Absolutely.”  Appellant’s trial
counsel did not object to this testimony from Coleman or T.B.’s mother.  Appellant
testified at trial and denied the allegations.  In addition, two of appellant’s
siblings and appellant’s fiancée testified on his behalf. 

During closing
argument, the prosecutor characterized the case as “a credibility contest.”  The
prosecutor also highlighted the testimony of Simon and Coleman:

So, who are you going to believe?  Let’s look at the
evidence that was presented to you.

You first heard from Deputy Simon who’s received lots of
training and is trained how to interview witnesses, family violence witnesses,
victims, sexual assault victims.  She told you she and another sergeant were
the first ones that took the statement from [T.B.] that night.  And she found
her to be credible.  And [T.B.] was crying and scared and embarrassed and shy. 

And it didn’t stop there.  [T.B.] got re-interviewed then
by Deputy Coleman who also testified who’s in the Child Abuse Unit who’s also
received hours and hours of training, how to interview witnesses, how to judge
their credibility.  She found her to be credible and believable and found her
to be consistent, ladies and gentlemen, because if what she told Deputy Coleman
was different than what she told Deputy Simon, don’t you know you would have
heard it from the Defense?  

* * *

You heard Deputy Coleman who testified as to what she did
in her investigation, that she interviewed [T.B.] and found her consistent and
credible.  

The jury convicted appellant
of sexual assault of a child and assessed punishment at five years and six
months’ confinement and fined appellant $10,000.  Appellant did not file a
motion for new trial.  This appeal followed.  

II.              
Analysis

In his sole issue, appellant contends that he
received ineffective assistance of counsel in violation of the United States
Constitution and Texas Constitution.  See U.S. Const. amend. VI; Tex.
Const. art. I, § 10; see also Tex. Code Crim. Proc. Ann. art. 1.051
(West Supp. 2009).  Specifically, appellant argues that his trial counsel
failed to (1) object to Coleman’s testimony regarding her opinion that T.B.’s
outcry of sexual abuse was “very credible”; (2) properly challenge and exclude
Simon’s testimony regarding her opinion that T.B.’s outcry of sexual abuse was
credible; and (3) object to T.B.’s mother’s testimony about her opinion as to
the credibility of T.B.’s outcry statement. 

A.    Standard
of Review

In reviewing claims of ineffective assistance of
counsel, we apply a two-prong test. See Salinas v. State, 163 S.W.3d 734,
740 (Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S.
668, 687 (1984)). To establish ineffective assistance of counsel, appellant
must show by a preponderance of the evidence that (1) his trial counsel’s
representation was deficient in that it fell below the standard of prevailing
professional norms, and (2) there is a reasonable probability that, but for
counsel’s deficiency, the result of the trial would have been different.  Id.


An accused is entitled to reasonably effective assistance
of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).  When
evaluating a claim of ineffective assistance, the appellate court looks to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  There is a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.  Salinas, 163 S.W.3d at 740.  “Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.”  Thompson, 9
S.W.3d at 814.  When determining the validity of an ineffective-assistance-of-counsel
claim, any judicial review must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight.  Ingham v. State, 679 S.W.2d
503, 509 (Tex. Crim. App. 1984).  

When the record is silent as to the reasons for
counsel’s conduct, a finding that counsel was ineffective would normally
require impermissible speculation by the appellate court.  Stults v. State,
23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  Absent
specific explanations for counsel’s decisions, a record on direct appeal will
rarely contain sufficient information to evaluate an ineffective-assistance
claim.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  However,
when no reasonable trial strategy could justify trial counsel’s conduct,
counsel’s performance falls below an objective standard of reasonableness as a
matter of law, regardless of whether the record adequately reflects trial
counsel’s subjective reasons for acting as he did.  Andrews v. State,
159 S.W.3d 98, 102 (Tex. Crim. App. 2005).  

If a criminal defendant can prove trial counsel’s performance was
deficient, he must still affirmatively prove that he was prejudiced by counsel’s
actions.  Thompson, 9 S.W.3d at 812.  This proof requires appellant to
demonstrate a reasonable probability that, but for trial counsel’s
unprofessional errors, the result of the proceeding would have been different. 
Id.  “A reasonable probability is a probability sufficient to undermine
confidence in the outcome.”  Mallett v. State, 65 S.W.3d 59, 63 (Tex.
Crim. App. 2001). 

B.     Counsel’s
Performance

The determination of a witness’s truthfulness lies
solely within the jury’s province.  See Yount v. State, 872
S.W.2d 706, 710 (Tex. Crim. App. 1993).  It is generally improper for a witness
to offer a direct opinion as to the truthfulness of another witness.  Lopez
v. State, — S.W.3d —, No. PD-0481-10, 2011 WL 2408942, at *2 (Tex. Crim.
App. June 15, 2011).  This type of testimony is inadmissible “because it does
more than ‘assist the trier of fact to understand the evidence or to determine
a fact in issue’; it decides an issue for the jury.”  Yount,
872 S.W.2d at 709 (emphasis in original).    

Here, appellant’s trial counsel objected to Simon’s
testimony that she found T.B.’s statements to be credible when T.B. reported the
allegations to Simon. The first objection on the ground of relevance was
overruled; the second objection on the ground of the form of the question was
sustained.  Appellant assumes that error was not preserved because his trial
counsel failed to object to the same opinion testimony offered through Coleman
and T.B.’s mother.[2] 
Assuming without deciding that the testimony was inadmissible, there is no
explanation in the record why trial counsel objected to Simon’s testimony about
T.B.’s credibility but did not object to subsequent testimony about T.B.’s
credibility from Coleman and T.B.’s mother.    

The Court of Criminal Appeals recently held in Lopez
v. State that when the record was silent as to why trial counsel allowed
opinion testimony about the sexual-assault complainant’s credibility before the
jury without objection, the appellant did not meet his burden under the first
prong of Strickland.  Lopez, 2011 WL 2408942, at *4.  In
accordance with Lopez, we will not speculate as to trial counsel’s
strategy in the face of a silent record.[3] 
Id. at *3–4.  Because the record is silent, appellant has failed to meet
his burden under the first prong of Strickland.  Appellant’s failure to
meet his burden under the first prong of Strickland obviates our need to
address the second prong of Strickland.  

We overrule appellant’s sole issue.

III.           
Conclusion

Having overruled appellant’s sole issue, we affirm
the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).                                                                                









[1]
Appellant was represented by two attorneys at trial.  He does not assign error
to a specific attorney, but rather refers to “trial counsel.”  It appears from
the record that although both attorneys participated at trial, one of the
attorneys had a larger role.    





[2]
We do not determine whether trial counsel preserved error by objecting to
Simon’s testimony.





[3]
The State’s theories are that perhaps trial counsel believed that he had
adequately objected to the testimony or did not want to further emphasize the
testimony by making repeated objections to it.