# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00337-CR

**Joe Don Lee, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2002-079, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joe Don Lee was indicted for the offense of possession of a controlled substance (cocaine) less than one gram, pled guilty, and received a sentence of two years' deferred adjudication in 2002. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010). Lee's deferred adjudication community supervision was amended and extended multiple times.[1] After a hearing on a third motion to adjudicate in 2011, the district court found Lee guilty on his original charge, revoked his probation, and sentenced him to one-and-a-half years in state jail. Lee challenges his conviction in

---

[1] Lee's deferred adjudication community supervision was amended and extended in 2004 for one year by agreement, after a hearing at which the State alleged that Lee used amphetamines, failed to perform his community service, and failed to complete a drug-education program. The district court amended and extended Lee's deferred adjudication for two more years in 2005, after the State filed a motion to adjudicate alleging that Lee tested positive for methamphetamine, failed to pay his monthly probation fee, and failed to complete his community-service hours. The district court subsequently extended Lee's deferred adjudication for another three years in 2007, after the State filed a second motion to adjudicate alleging that Lee committed theft of property in Dallas County and failed to perform his community-service hours. The State filed a third motion to adjudicate in 2010, alleging that Lee used amphetamines on five separate dates in 2008 and that between 2009 and 2010 he failed to report to his probation officer eight times.

two issues, contending that his counsel was ineffective in failing to call his former probation officer as a witness at the hearing on the third motion to adjudicate and in failing to object to a witness's description of the contents of a letter and not requiring that the letter itself be introduced into evidence. We will affirm the judgment adjudicating guilt.

## BACKGROUND

At the May 10, 2011 hearing, Lee pled "not true" to the allegations in the motion to adjudicate, and the State proceeded to present Lee's history of noncompliance with the terms of his deferred adjudication.[2] The court heard testimony from three witnesses: (1) Wood County Probation Officer Darren Kindle; (2) Comal County Probation Officer Pam Lamantia; and (3) Linda Jean Adamcik, Lee's maternal aunt.

Darren Kindle testified that he began supervising Lee in 2007 as a courtesy probation for Comal County. Kindle recalled that while on probation in Comal County, Lee committed the offense of possession of a controlled substance in Dallas County, and Kindle supervised Lee for that case as well. Between May and October of 2008, Kindle sent six violation-notice letters to Comal County, which were admitted into evidence, informing them of Lee's positive drug tests for "amphetamine/methamphetamine" and his missed appointments for drug testing. Kindle's last letter to Comal County stated that Wood County was discontinuing its supervision of Lee because of his continued drug use and noncompliance with the terms of his probation. On cross-examination, Kindle acknowledged that all of Lee's violations occurred before he went to a treatment facility under the "SAFP" (Substance Abuse Felony Punishment) program, which Lee was required to attend

---

[2] The court also heard that Lee was placed on deferred adjudication in 2009 in Dallas County for a theft offense.

by the Dallas County district court. Kindle confirmed that Dallas County was still supervising Lee for his possession-of- a-controlled-substance offense and that Dallas County would also supervise Lee's required aftercare program upon his completion of the SAFP program.

The State's next witness, Pam Lamantia, testified that she had custody of Lee's probation department file and that she was assigned to Lee's case after he entered the SAFP inpatient drug treatment program. Lamantia stated that between 2004 and 2010, Comal County filed four violation notices based on Lee's positive drug tests for amphetamines and his failures to perform his community-service hours, complete a drug-education program, pay probation fees, and report to his probation officer. She denied that Lee had any new violations in the one-and-a-half month period since he completed the SAFP program.

Lamantia acknowledged that Rene Garcia, Lee's prior probation officer in Comal County, was "no longer with the department." She further acknowledged that the probation file indicated Garcia had a discussion with an officer at the Dallas County Probation Department about Lee and that Garcia, acting on behalf of Comal County, did not object to Lee's participation in the SAFP inpatient drug treatment program. Lamantia stated that Lee's most recent violation notice was filed in June 2010, about two months before Lee was sent to SAFP and that there was an outstanding warrant for his arrest upon his release from SAFP. Lamantia agreed that Lee had not been required to attend inpatient drug treatment, only "intensive outpatient" treatment, before he entered the SAFP program.

Lamantia further agreed that Lee's file contained a letter from his counselor to the district court, requesting that Lee not attend an inpatient program:

[Prosecutor]: Does your file reflect a letter to the judge from a counselor on his [Lee's] behalf where he's specifically asking not to be sent to [an] inpatient program; that it would be detrimental to his family and his job? That letter right there?

[Defense counsel]: Objection; relevance on what he wanted. Whose court order?

[Prosecutor]: The relevance has to do with him pointing out that they didn't send him to inpatient treatment. Part of the reason why is because he asked not to go.

The Court: Overrule the objection.

[Prosecutor]: Is that in—do y'all have that in your file anywhere?

A. I was just checking. December 2004, right?

Q. That's the second page of it.

A. Yes. Yes, it is in our file.

Q. And so in your file, there's a document from a counselor on his behalf asking not to send him to inpatient treatment?

A. Correct.

Lamantia denied that the file contained a letter from Garcia to the Dallas County Probation Department agreeing to send Lee to a six-month residential inpatient treatment program.

The last witness, Lee's aunt Linda Jean Adamcik, testified for the defense that she would allow Lee to live in her home during the ninety-day aftercare portion of his SAFP drug-treatment plan, if the court allowed him to complete it. However, at the conclusion of the hearing, the district court found Lee guilty on the original charge and revoked his probation, sentencing him to one-and-a-half years in state jail. This appeal ensued.

## ANALYSIS

In his first issue, Lee argues that his trial counsel was ineffective in failing to call Garcia, Lee's former probation officer, as a witness at the adjudication hearing. Lee contends that

4

without Garcia, he was unable to present evidence of Garcia's agreement to send Lee to an inpatient drug-treatment facility and any effect that Lee's completion of the program might have had on Garcia's earlier recommendation of jail time.

To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that counsel's performance fell below the standard of prevailing professional norms and but for counsel's deficiency, there is a reasonable probability that the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. Our review of counsel's representation is highly deferential, and we presume that counsel's action fell within the wide range of reasonable and professional assistance. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Allegations of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Typically, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833. Further, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Without that opportunity, we should not find counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

To show ineffective assistance of counsel based on counsel's failure to call a witness, an appellant must show that the witness was available to testify and that the witness's testimony would have been a benefit to the defense. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Here, because Lee did not file a motion for new trial, there is nothing in the record to support his claim of ineffective assistance. Specifically, Lee failed to show that Garcia was available to testify or that his testimony would have been favorable to Lee. The record is silent as to Garcia's availability, reflecting only that Garcia did not work with the Comal County Probation Department at the time the hearing was held. Even without Garcia, Lee's counsel was able to elicit testimony from Lamantia that Garcia communicated with the Dallas County Probation Department and that Garcia did not object to Lee attending SAFP. Although Lee speculates that Garcia might have intended for Lee to enter SAFP and have his probation extended upon completion of the program, given Lee's extensive history of noncompliance with the terms of his probation, it is also likely that Garcia might have reaffirmed his prior recommendation of jail time and offered testimony that was unfavorable to Lee. Thus, we overrule Lee's first issue.

In his second issue, Lee argues that his trial counsel was ineffective in failing to object to Lamantia's description of the contents of a letter from Lee's counselor and in failing to require that the letter itself be introduced into evidence. However, Lee has not met his burden of establishing that such decisions met the deficient-performance element of *Strickland. See* 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). We note that Lee's counsel did object to the relevance of the letter's reference to Lee's preference not to attend inpatient treatment, and the objection was overruled. Lee failed to provide evidence from this record showing that counsel's decision to make

6

the objection that he did and his decision not to seek admission of the letter into evidence were "so deficient and so lacking in tactical or strategic decision-making" as to defeat the presumption that his counsel's conduct was reasonable and professional. *See Bone*, 77 S.W.3d at 833. The letter stated that the inpatient-treatment option was unacceptable to Lee—a position contrary to Lee's arguments that he wanted to pursue SAFP through to the final ninety days of aftercare and that Garcia would "likely" have intended the same path for Lee. Lee's counsel may have concluded, as a matter of reasonable trial strategy, that any further objection tending to emphasize Lee's contrary statements about inpatient treatment in the letter or introduction of the entire letter into evidence would not have been beneficial to Lee. Accordingly, we overrule Lee's second issue.

## CONCLUSION

Having overruled both of Lee's issues, we affirm the district court's judgment adjudicating guilt.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: August 31, 2012

Do Not Publish

7