# NO. 12-14-00060-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN KEELY BATTLES,* *APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

John Keely Battles appeals his conviction for intoxication assault, for which he was sentenced to imprisonment for ten years. In one issue, Appellant argues that he received ineffective assistance of counsel at trial.[1] We affirm.

### BACKGROUND

Late one evening, Terry Moreland was driving in Shelby County, Texas. Appellant, who was intoxicated, was traveling in the opposite direction. Appellant steered his vehicle into Moreland's lane, and the two vehicles collided. As a result of the collision, Moreland suffered significant injuries to his left arm and both legs. Appellant suffered injuries to his head.

After his vehicle came to rest, Appellant left the scene of the accident. Subsequently, several troopers from the Texas Department of Public Safety (DPS) arrived at the scene to render assistance and investigate the accident. When some of the troopers saw blood near a wooded area close to Appellant's vehicle, they began to search the area.

Soon thereafter, Appellant exited the woods and walked toward his sister who, by then, had arrived at the scene. As he did so, he fell to the ground. Appellant said he had been drinking

---

[1] In his brief, Appellant raises four issues, each comprising an alleged instance of ineffective assistance he received. We will consider these various allegations of ineffective assistance of counsel as a single issue.

and wanted to die. In the presence of the troopers, Appellant repeated several times that he had been drinking. Appellant was taken to the hospital. Medical personnel tested Appellant's blood and determined that he was legally intoxicated.

Appellant was charged by indictment with intoxication assault. During the pendency of the case, Appellant failed to attend a court hearing.[2] Before the case proceeded to trial, Appellant pleaded "guilty" as charged and pleaded "true" to the allegation that he used a vehicle as a deadly weapon.

Appellant elected to have the trial court assess his punishment. During the trial on punishment, the State presented evidence regarding the effect that Appellant's conduct had on Moreland and his family. The State also presented evidence that Appellant had a history of engaging in alcohol-related crimes. Appellant testified on his own behalf that he had a difficult childhood and he was making an effort to change his life. At the conclusion of the trial on punishment, the trial court sentenced Appellant to imprisonment for ten years and ordered him to pay a $10,000 fine. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant argues that he received ineffective assistance of counsel. Specifically, Appellant contends that his trial counsel was ineffective because he (1) advised Appellant to plead "guilty" as charged and "true" to the deadly weapon allegation although it was not beneficial for him to do so, (2) failed to object to the "conclusory, speculative[,] and improper testimony" of the State's trial witnesses, (3) presented no witnesses to offer testimony regarding mitigating factors or otherwise explain Appellant's conduct, and (4) failed to properly investigate Appellant's background and social history.

### Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or

---

[2] According to a letter from Appellant that is part of the record, he was charged with failure to appear. However, we have reviewed the record and have found no charging instrument or disposition for this offense.

omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant also is required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id*. Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id*. Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007) (where appellant argued ineffective assistance because trial counsel failed to offer any mitigating evidence during punishment phase of trial, without record indicating reasons for trial counsel's actions or intentions, court presumed trial counsel had reasonable trial strategy); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance).

Appellant's burden on appeal is well established. *See Saenzpardo v. State*, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.–Dallas 2005, no pet.) (op., not designated for publication). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and further, such a claim cannot be built upon retrospective speculation. *Id*. at 835.

3

**Discussion**

Appellant sets forth in his brief that his attorney's performance at trial fell below the professional norm for four different reasons.

*Pleas of "Guilty" and "True"*

Appellant first contends that his trial counsel was ineffective because he advised Appellant to plead "guilty" as charged and "true" to the deadly weapon allegation although it was not beneficial for him to do so. This contention fails for several reasons. First, based on our review of the record, there is no indication of why Appellant's trial counsel advised Appellant as he did concerning his pleas. *See Bone*, 77 S.W.3d at 836. Appellant contends that the fact that he received the maximum possible sentence supports that his counsel's advising him to plead "guilty" as charged and "true" to the deadly weapon allegation was not based upon sound trial strategy. But a trial counsel's strategy does not fall below the professional norm of reasonableness merely because an undesired result occurs. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069 (reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge claim based on the totality of the representation).

Furthermore, based on our review of the record and the briefs, we note that Appellant pleaded "guilty" as part of a plea agreement. Indeed, Appellant's brief states that this is an appeal from a judgment finding Appellant "guilty" of intoxication assault "based upon a plea agreement." When Appellant pleaded "guilty," the trial court informed Appellant of the charge against him. The trial court then stated, "[A]nd apparently we're not going forward on this one?" Appellant's counsel informed the trial court that this was correct. Thereafter, the State informed the trial court that Appellant "was also going to plead 'true' to affirmative use of a deadly weapon as part of this deal." At the hearing, the trial court referred to Appellant's plea as a "plea bargain." The trial court also referenced Appellant's case as a "plea bargain case" in its certification of his right to appeal. Therefore, we conclude that there is some indication in the record that Appellant benefited from pleading "guilty." However, there is nothing in the record that provides the terms of the plea agreement. As a result, we cannot hold that Appellant's trial counsel ineffective for entering into a plea bargain agreement when we do not know the terms of that agreement. *See Bone*, 77 S.W.3d at 835.

Finally, the record contains no evidence indicating that Appellant was prejudiced by his pleas of "guilty" and "true." It is undisputed that Appellant was intoxicated. He admitted to

4

drinking, and the blood test from the hospital confirmed this fact. Moreover, Appellant caused the crash resulting in Moreland's injuries. Based on the record, Appellant can demonstrate that the *process* would have been different had he not pleaded "guilty" and "true." But Appellant also must establish that but for counsel's deficient performance the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. We hold that Appellant has failed to meet this burden.

### *Failure to Object to Evidence*

Appellant further contends that his trial counsel was ineffective because he failed to object to the "conclusory, speculative[,] and improper testimony" of the State's trial witnesses. We first note that Appellant has not directed us to any of the objectionable testimony of which he complains. *See* TEX. R. APP. P. 38.1(i) ("[Appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Instead, Appellant argues without citation to the record that the State, through the testimony of law enforcement officers, offered evidence (1) of statements made by Appellant, (2) of opinions that Appellant smelled of alcohol, (3) authenticating photographs of the scene that were taken by someone else, and (4) confirming the results of scientific testing.[3] In pursuit of his apparent trial strategy,[4] Appellant's trial counsel could have determined that objections to testimony of Appellant's prior statements, the opinions of law enforcement officers that Appellant smelled of alcohol, photographs of the scene, and testimony relaying the results of scientific testing, even if successful, would have been counterproductive. Appellant's guilt or innocence was not relevant to the trial court as factfinder since Appellant already had pleaded "guilty." Rather, the trial court was focused on what sentence Appellant should receive. Therefore, Appellant's trial counsel's decision not to object could have been made in recognition of the issue still pending before the trial court. *See Kindle v. State*, No. 14-01-00584-CR, 2002 WL 14004711 at *2 (Tex. App.–Houston [14th Dist.] June 27, 2002, no pet.) (op., not designated for publication) (to prove ineffective assistance of counsel, even if evidentiary objections are valid, Appellant still must provide evidence explaining why counsel did not object).

---

[3] Generally, much of this evidence would be admissible. *See* TEX. R. EVID. 701, 801(e)(2).

[4] There is nothing in the record definitively setting forth Appellant's counsel's trial strategy or lack thereof with regard to his decision not to object to the aforementioned evidence. But from our review of the record, we note that Appellant's trial strategy appears to have been to take responsibility for his criminal conduct in the hope that the sentence would be more lenient. In hindsight, this apparent strategy did not achieve the desired result. But, considering the facts of the case, it is a strategy that does not fall below the professional norm for reasonableness.

5

*Failure to Offer Witnesses*

Appellant also claims that his trial counsel was ineffective because he presented no witnesses to offer mitigation evidence explaining Appellant's conduct. We initially note that Appellant again failed to satisfy his burden under **Strickland**, 466 U.S. 668, 104 S. Ct. 2052. When challenging his trial counsel's failure to call a particular witness, an appellant must show that the witness "had been available to testify and that his testimony would have been of some benefit to the defense." **Ex parte Ramirez**, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007); *see also* **King v. State**, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (trial counsel's failure to call witnesses irrelevant unless there is showing that such witnesses were available to testify and that their testimony would have benefitted appellant). Here, Appellant failed to specifically identify any witness that his trial counsel should have called but did not. Instead, Appellant criticizes his trial counsel's failure to call a "character witness." Therefore, because he failed to identify a potential witness who was available to testify and whose testimony would have been of some benefit to his defense, Appellant cannot establish that his attorney was ineffective.

*Failure to Investigate*

Finally, Appellant maintains that his trial counsel was ineffective because he failed to properly investigate Appellant's background and social history. Trial counsel has a duty to properly investigate a defendant's background and present available mitigating evidence. **Ex parte Woods**, 176 S.W.3d 224, 225 (Tex. Crim. App. 2005).

Here, Appellant produced no evidence of his trial counsel's investigation or lack thereof. However, it is apparent that Appellant's trial counsel, in fact, investigated available mitigating evidence because Appellant testified to and offered documentary evidence of facts that served as mitigating factors. But Appellant contends that his attorney should have uncovered witnesses or documents "to bolster [Appellant's] claims of childhood difficulty and abuse." Yet Appellant fails to identify these witnesses or documents that his attorney supposedly should have discovered. Again, because Appellant failed to satisfy his burden, he is unable to establish that his trial counsel was ineffective.

In sum, based on our review of the record, we conclude that Appellant has not demonstrated that (1) his trial counsel's performance fell below the professional norm for reasonableness or that (2) Appellant was prejudiced by his trial counsel's actions. Therefore,

because Appellant failed to satisfy either prong of the *Strickland* test, he cannot overcome the strong presumption that his counsel performed effectively. Appellant's sole issue is overruled.


## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.


**BRIAN HOYLE**
Justice


Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-14-00060-CR**

**JOHN KEELY BATTLES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court

of Shelby County, Texas (Tr.Ct.No. 10CR18,060)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*