

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00090-CR

———————————————

DOROTEO ALANIZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F17-244-211

Before Sudderth, C.J.; Pittman and Birdwell, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

A jury convicted Appellant Doroteo Alaniz of committing three sexual offenses against one complainant under the age of seventeen: indecency by exposure (Count III) and two counts of indecency by contact—touching her breast (Count II) and touching her genitals (Count I). The jury also convicted Appellant of committing continuous sexual abuse of a complainant under the age of fourteen by touching her genitals on two or more occasions (Count IV). The jury assessed Appellant's punishment at ten years' confinement for indecency by exposure, twenty years' confinement for each count of indecency by contact, and thirty years' confinement for continuous sexual abuse of a child. The trial court sentenced Appellant accordingly, ordering the sentences to run consecutively.

Appellant does not challenge the sufficiency of the evidence. Instead, in his sole issue, he contends that he received ineffective assistance of counsel at trial because his trial counsel called no witnesses. Appellant has not satisfied his burden to prove ineffective assistance of trial counsel; we therefore affirm.

## <u>BRIEF FACTS</u>

In the spring of 2014, four girls between the ages of seven and nineteen—Y.G., R.G., K.G., and M.G.—lived with their mother (Mother) and a younger brother in a four-bedroom trailer in Lewisville, Texas. The children's maternal grandmother (Grandmother) traveled from out of town to help look after them during their spring break and stayed. M.G., the nineteen-year-old, warned Mother that Grandmother's

2

long-term boyfriend, Appellant, had done something to M.G. when she was little, but M.G. did not provide Mother any details. Mother allowed Appellant to join Grandmother in her home later that spring, and M.G. soon moved out.

Mother's youngest daughter, Y.G., the complainant named in Count IV, slept with Grandmother and Appellant in their room approximately three times each week during most of that summer. When Y.G. slept in the room with Appellant, he would touch her genitals and penetrate them with his finger. He would tell her not to tell Mother, and Y.G. did not tell Mother about the ongoing sexual abuse because she was scared.

Mother's second-oldest daughter, fifteen-year-old K.G., the complainant named in Counts I, II, and III, was developmentally disabled. On October 24, 2014, while Mother was at work and before the other children came home from school, K.G. arrived home. Appellant was waiting for her. While they were in the living room, Appellant's roving hands touched her breasts and genitals, both over her clothes and skin-to-skin, and also touched her "butt." Appellant also exposed his penis and touched it with his moving hands. When Mother came home, K.G. told her what Appellant had done, and later that day R.G. told Mother that Appellant had also touched her inappropriately. Y.G. did not tell Mother that Appellant had sexually abused her until sometime later.

The jury heard evidence of Appellant's misconduct committed against all four girls.

3

Appellant contends that he received ineffective assistance of counsel at trial because his trial counsel did not call witnesses at either the guilt-innocence or the punishment phase. Appellant concedes that the record is silent on trial counsel's reasons for calling no witnesses and that a hearing on a motion for new trial or writ of habeas corpus might have provided more "background" but argues that this court nevertheless "has enough" to determine trial counsel was ineffective. We disagree.

**I.      Appellant Must Prove by a Preponderance of the Evidence Both Deficient Representation by Trial Counsel and a Reasonable Probability that Without It, the Outcome of His Trial Would Have Been Different.**

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. Const. amend. VI. To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The record must affirmatively demonstrate that the claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In evaluating counsel's effectiveness under the deficient-performance prong, we review the totality of the representation and the particular circumstances of the case to determine whether counsel provided reasonable assistance under all the

4

circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307; *Thompson*, 9 S.W.3d at 813–14. Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

An appellate court may not infer ineffective assistance simply from an unclear record or a record that does not show why counsel failed to do something. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel did not have that opportunity, we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308. Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

*Strickland*'s prejudice prong requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial—that is, a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, an appellant must show a reasonable probability that the proceeding would have turned out

5

differently without the deficient performance. *Id.* at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308. We must ultimately focus on examining the fundamental fairness of the proceeding in which the result is being challenged. *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*, 104 S. Ct. at 2069.

## II. Appellant Has Failed to Show that He Would Benefit from Absent Testimony.

Although Appellant argues that trial counsel's failure to call witnesses on his behalf could not stem from any reasonable trial strategy, the Texas Court of Criminal Appeals has held that "[c]ounsel's failure to call witnesses at the guilt-innocence and punishments stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). This court has followed that binding precedent. *See Gomez v. State*, 552 S.W.3d 422, 435–36 (Tex. App.—Fort Worth 2018, no pet.).

Appellant states that the record indicates that Grandmother "and/or his employer" were available to testify, but Appellant does not show proof in the record of how he would benefit from that testimony. We therefore hold that Appellant has

6

failed to show ineffective assistance of trial counsel, and we overrule his sole issue.

*See King*, 649 S.W.2d at 44; *Gomez*, 552 S.W.3d at 435–36.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 20, 2018